(No. 13155.—Judgment affirmed.)

THE PEOPLE, for use of Saline County, Appellee, *vs.* GUY M. WALLACE, County Collector, Appellant.

*Opinion filed February 18, 1920.*

1. STATUTES—*rules of construction are applied only to ascertain and give effect to legislative intent.* All rules for the construction of statutes of doubtful meaning have for their sole object the discovery of the legislative intent, and they are valuable only in so far as they enable the court to ascertain and give effect to that intent.

2. SAME—*intent of legislature will prevail over literal meaning of words.* Where the intent and purpose of the legislature can be collected from a statute, words may be modified, altered or supplied so as to obviate any repugnancy or inconsistency with such intention, although in so doing particular provisions may not be construed according to their literal meaning.

3. SAME—*construction leading to absurd consequences will be avoided.* Where great inconvenience or absurd consequences will result from a particular construction of a statute that construction will be avoided if a more reasonable construction is possible.

291 — 30

4. SAME—*repeal of statute by implication is not favored.* The repeal of a statute by implication is not favored, and a later act will never be held to repeal an earlier one unless the statutes can not be reconciled.

5. SAME—*statutes in pari materia should be construed together.* Statutes which relate to the same subject or have the same object are *in pari materia* although they were enacted at different times, and they should be construed together.

6. FEES AND SALARIES—*section 243 of the Revenue act and section 21 of the Fees and Salaries act should be construed together.* Section 243 of the Revenue act, as amended in 1917, requiring the county collector to pay over to proper authorities taxes collected by him, and section 21 of the Fees and Salaries act, providing for the fees to be retained by the county collector, are *in pari materia* and should be construed together so as to give effect to both.

7. SAME—*section 243 of Revenue act as amended in 1917 did not repeal section 21 of Fees and Salaries act.* Section 243 of the Revenue act, as amended in 1917, providing that "no fees or commissions shall be deducted by the county collector from taxes collected by him and heretofore authorized to be collected by town collectors," and that "all such taxes shall be paid over in full to the proper authorities," means that no fees or commissions heretofore authorized to be deducted by the town collector shall be deducted by the county collector but does not deprive the county collector of the right to the fees allowed him by section 21 of the Fees and Salaries act.

APPEAL from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding.

MILEY & COMBE, for appellant.

JAMES B. LEWIS, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellant is the county treasurer and *ex-officio* county collector of Saline county, a county in this State of the first class and under township organization. Under authority given him by section 21 of the Fees and Salaries act (Hurd's Stat. 1917, p. 1516,) he has retained from the taxes collected by him as county collector commissions

amounting to $11,360.93. In 1917 the legislature abolished
the office of town collector and provided that all the duties
of town collector should be performed by the county col-
lector. (Laws of 1917, p. 792.) Section 243 of the Reve-
nue act, as amended in 1917, provides that "the county col-
lector shall on the first day of April and the first day of
each and every month thereafter, pay over to the other
proper authorities or persons the amounts in his hands and
payable to them as taxes, not theretofore paid over: *Pro-
vided,* that in counties under township organization, where
no town collectors are elected, no fees or commissions shall
be deducted by the county collector from taxes collected by
him and heretofore authorized to be collected by town col-
lectors, and all such taxes collected shall be paid over in
full to the proper authorities or persons authorized by law
to receive the same." (Laws of 1917, p. 654.) Because of
the uncertainty thus created as to his legal rights to retain,
as county collector, the commission allowed him by said
section 21 of the Fees and Salaries act, appellant has re-
fused, and still does refuse, to pay into the county treasury
said sum retained by him. In order to determine the legal
rights of the parties concerned, *mandamus* proceedings were
brought to compel appellant to pay said money into the
county treasury. The circuit court of Saline county over-
ruled the demurrer filed by appellant to the petition for the
writ of *mandamus*. Appellant elected to stand by his de-
murrer, and a judgment *nil dicit* was entered ordering the
issuance of the writ as prayed. From this judgment appel-
lant prayed and perfected his appeal to this court.

The only question presented for our consideration is the
construction or interpretation of section 243 of the Revenue
act. In the interpretation and construction of statutes the
primary rule is to ascertain and give effect to the intention
of the legislature. All rules for the interpretation and con-
struction of statutes of doubtful meaning have for their
sole object the discovery of legislative intent, and they are

valuable only in so far as in their application they enable us the better to ascertain and give effect to that intent. If a statute is susceptible of more than one construction it should be given the construction that will effect its proper intent rather than one that will defeat it. (*People* v. *Price,* 257 Ill. 587.) When the intent and purpose of the legislature can be collected from the statute, words may be modified, altered or supplied so as to obviate any repugnancy or inconsistency with such intention, although in so doing particular provisions may not be read or construed according to their literal reading. (*Public Utilities Com.* v. *Monarch Refrigerating Co.* 267 Ill. 528.) It often happens that the true intention of the law-making body, though obvious, is not expressed by the language employed in a statute when that language is given its literal meaning. In such cases the carrying out of the legislative intention, which, as we have seen, is the prime and sole object of all rules of construction, can only be accomplished by departure from the literal interpretation of the language employed, hence the courts are not always confined to the literal meaning of a statute. The real purpose and intent of the legislature will prevail over the literal import of the words. (25 R. C. L. 967.) It is a principle of construction that statutes must be interpreted according to their intention and meaning and not always according to the letter. That which is within the intention is within the statute though not within the letter, and that which may be within the letter is not within the statute unless within the intention. (*Canal Comrs.* v. *Sanitary District,* 184 Ill. 597.) It is a well established rule in the construction of statutes that where great inconvenience or absurd consequences are to result from a particular construction that construction should be avoided unless the meaning of the legislature be plain and manifest. (*People* v. *Harrison,* 191 Ill. 257.) When the literal enforcement of a statute would result in great injustice and lead to consequences which the legislature could

not have contemplated, the courts are bound to presume that such consequences were not intended and adopt a construction that it may be reasonable to presume was contemplated by the legislature. (*Hoyne* v. *Danisch,* 264 Ill. 467.) The intention of the law-makers is to be gathered from the necessity or reason of the enactment and the meaning of the words enlarged or restricted according to their real intent. *Uphoff* v. *Industrial Board,* 271 Ill. 312.

To construe section 243 of the Revenue act to mean that the county collector is to have no fees whatever for the services rendered the public in the collection of the taxes would be absurd and unjust. Said section 243 was amended for the purpose of carrying out the plan of having the taxes all collected by the county treasurer in counties under township organization and having a population of less than 100,000, thereby abolishing the office of town collector. The intent of the legislature, it seems to us, must have been to provide that the fees heretofore paid the town collector for the collection of taxes be abolished with the office, and the proviso to section 243 hereinbefore quoted carries out that intent. The clause, "no fees or commissions shall be deducted by the county collector from taxes collected by him and heretofore authorized to be collected by town collectors," while ambiguous and uncertain, means, in our opinion, that no fees or commissions heretofore authorized to be deducted by the town collectors shall be deducted by the county collector. We do not think the intention was to abolish the fees of the county collector provided for in section 21 of the Fees and Salaries act. To hold that section 243 abolishes these fees is to hold that section 21 of the Fees and Salaries act was repealed by implication. Such a repeal is not favored in the law, and a later statute will never be held to repeal an earlier one unless they cannot be reconciled. It is the duty of the courts to construe so as to avoid repeal if such a construction can be given, and a statute will never be held to be repealed by implication if

it can be avoided by any reasonable hypothesis. (*Village of Ridgway* v. *Gallatin County,* 181 Ill. 521; *Village of East Springfield* v. *City of Springfield,* 238 id. 534.) Section 10 of article 10 of the constitution provides that the salary of the county treasurer, and all his necessary clerk hire, stationery, fuel and other expenses, shall be paid only out of, and in no instance shall exceed, the fees actually collected by him. It is hardly conceivable that the legislature would add materially to the duties of the county treasurer and at the same time take from the county treasurer the only means available to him to pay the necessary cost of performing the duties. Statutes which relate to the same thing or to the same subject or object are *in pari materia* although they were enacted at different times. It is a fundamental rule of statutory construction that not only should the intention of the law-makers be deduced from a view of the whole statute and of its every material part, but statutes *in pari materia* should be construed together. This rule applies with peculiar force to statutes that are contemporaneous, as were the amendment to the Township Organization act which abolished the office of town collector and the amendment to the Revenue act here under consideration. Being contemporaneous and *in pari materia* they are to be construed together as if they were one statute. (*Devous* v. *Gallatin County,* 244 Ill. 40.) And so section 243 of the Revenue act and section 21 of the Fees and Salaries act, being *in pari materia,* must be construed together and effect must be given to both. The provision in section 243 that "all such taxes collected shall be paid over in full," means that the county collector shall pay over the full amount collected, less his commission allowed by said section 21 of the Fees and Salaries act. *People* v. *Wiltshire,* 92 Ill. 260.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*