(No. 13265.—Judgment reversed.)
THE PEOPLE, for use of the City of Shelbyville, Appellee,
vs. EDWIN R. KNECHT, County Collector, et al. Appellants.

Opinion filed October. 23, 1920.

1. FEES AND SALARIES—*section 243 of Revenue act does not preclude county collector from retaining fees allowed by section 21 of Fees and Salaries.qct.* Section 243 of the Revenue act, as amended in 1917, does not repeal by implication section 21 of the Fees and Salaries act, and does not preclude the county collector from retaining for the benefit of the county the fees authorized by the latter act for the collection of taxes. (*People* v. *Wallace,* 291 Ill. 465, followed.)

2. STIPULATIONS—*when stipulation precludes consideration of question in Supreme Court.* In a suit by a city, in the name of the people, to recover a certain sum alleged to be wrongfully retained by a county collector as fees for the collection of taxes, which fees he claims belong to the county, a stipulation that if any amount is due it is a specified sum, precludes consideration of the question whether the amount retained by the collector is correct.

APPEAL from the Circuit Court of Shelby county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

A. L. YANTIS, and F. R. DOVE, for appellants.

J. J. BAKER, W. H. CHEW, and S. S. CLAPPER, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

A suit was brought in the circuit court of Shelby county in the name of the People, for the use of the city of Shelbyville, to recover on the official bond of appellant Edwin R. Knecht, county collector of Shelby county, the sum of $541.07 retained by him as fees due his office under section 21 of the Fees and Salaries act, for the collection of tax moneys levied by the city of Shelbyville. The court rendered judgment for the city of Shelbyville, and this appeal was prosecuted by Knecht and his bondsmen to review the judgment.

The facts are not in dispute. It is stipulated in the record that two per cent of the amount of taxes collected for the city of Shelbyville amounted to $541.07, and that Knecht retained and held such amount as commission for the collection of the taxes for the city; that there is no township collector of taxes in the town of Shelbyville or in the town of Rose; that Shelby county is a county under township organization, having less than 100,000 inhabitants; that proper demand was made on Knecht for the payment of said $541.07 by the proper officers of the city of Shelbyville prior to the bringing of this suit and that payment was refused; that the amount now due from Knecht to the city of Shelbyville, if any amount be due, is not in controversy, it being agreed that if there is any liability the amount thereof is $541.07; that the purpose of this suit is to determine whether or not Knecht, as county collector for the year 1918, is authorized to retain as commission or fees for the collection of said taxes the two per cent, or whether, under the statute, he is required to pay over to the beneficial plaintiff the amount of taxes collected by him without the deduction of two per cent, which amounts to $541.07.

The identical question presented by this record was before this court in *People* v. *Wallace,* 291 Ill. 465, where it was expressly held that section 243 of the Revenue act did not repeal by implication section 21 of the Fees and Salaries act. The construction given by this court in that case to section 243 of the Revenue act, as amended in 1917, is adverse to the contentions of appellee in this case. After considering the brief and argument of appellee we see no cause for overruling our decision in the *Wallace case,* just cited. Under the holding in that case the sum of $541.07 was properly retained by Knecht and should be paid by him to the county of Shelby as fees earned by his office. For the reasons given in that case the judgment of the circuit court must be reversed.

Appellee seeks to present an additional question in this case for our consideration under section 21 of the Fees and Salaries act. It being stipulated that Shelby county is under township organization and a county of the second class, appellee further contends that even though the decision of this court in the case of *People* v. *Wallace, supra,* be followed in this case, Knecht should not be allowed to retain two per cent commission on the amount of taxes collected by him because under section 21 he is only entitled to deduct one per cent. That section provides as follows: "County collectors shall be allowed a commission on all money collected by them and paid over to the proper officer, of three (3) per cent in counties of the first class; of two (2) per cent in counties of the second class; of one and one-half (1½) per cent in counties of the third class, excepting on all moneys said county collectors collect for incorporated cities, villages and other municipalities in counties under township organization, upon which said county collectors shall be allowed a commission of one (1) per cent on all moneys collected by them for such cities and paid over by them to the proper officer." Appellee is not entitled to have this question considered by this court in this case as its stipulation precludes it from making such contention. It will be seen that the above stipulation is specific that there is no dispute as to the amount due to the city of Shelbyville from Knecht. The stipulation is that the sum of $541.07 is due the city if anything is due. Appellee's additional question was clearly not presented to the lower court and under the stipulation is not a proper question for consideration in this court.

The judgment of the circuit court is reversed.

*Judgment reversed.*