THE PEOPLE, for use of the City of Altamont, Appellant,
*vs.* SETH LEE JAMES, County Collector, *et al.* Appellees.

*Opinion filed December 21, 1927.*

1. STATUTES—*statute will be construed valid, if possible.* As
every reasonable doubt must be resolved in favor of a statute and
not against it and courts will not adjudge it invalid unless its vio-
lation of the constitution is clear and unmistakable, if a statute is
susceptible of two constructions, one of which renders it unconsti-
tutional and the other protects its validity, the latter construction
will be adopted if it can reasonably be done.

2. SAME—*when the meaning of a statute may be determined by
punctuation.* Punctuation is not allowed to control the plain mean-
ing of the words of a statute, but when the meaning is not plain
the punctuation may be resorted to in determining the intention
of the legislature.

3. CONSTITUTIONAL LAW—*when party cannot assert invalidity
of statute.* The invalidity of a section of a statute may not be
invoked by one who is not affected by such invalidity.

4. FEES AND SALARIES—*exception in section 21 of Fees and Sal-
aries act limiting collector's fees from municipal taxes to one per
cent applies only to third-class counties.* The exception in sec-
tion 21 of the Fees and Salaries act limiting to one per cent the
deduction of county collector's fees from taxes of cities, villages
and other municipalities in counties under township organization
applies only to counties of the third class, and a city in a county
of the first class, where three per cent may be deducted, cannot be
heard to complain that said exception renders the act invalid.

5. TAXES—*warrant for collection of taxes in counties of less
than 100,000 may be issued directly to county collector.* As the
effect of section 1 of article 7 of the Township Organization act
and section 243 of the Revenue act is to abolish the office of town
collector in counties of less than 100,000 under township organiza-
tion, the warrant for the collection of taxes may be issued directly
to the county collector, and a separate warrant is not required to
be issued to him as *ex-officio* town collector for each town.

6. SAME—*section 243 of Revenue act does not prohibit deduc-
tion of county collector's fees.* The provision of section 243 of
the Revenue act that no fees or commissions "heretofore author-
ized to be collected by town collectors" shall be deducted by county
collectors acting as *ex-officio* town collectors in counties of less

than 100,000 under township organization but that such taxes "shall be paid over in full" does not preclude the deduction of fees allowed the county collector by section 21 of the Fees and Salaries act, regardless of whether the taxes were collected by him prior to March 10, as taxes collected prior thereto are not collected by him as town collector.

APPEAL from the Circuit Court of Effingham county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

WALTER C. KLITZING, for appellant.

PAUL TAYLOR, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an action in debt brought by the People, on the relation of the city of Altamont, on the bond of the county collector of Effingham county. The declaration consists of three counts—two original counts and one additional count. Appellees filed a demurrer. The demurrer was sustained, and appellant abiding its declaration, judgment against it was entered, and it has brought the cause here for review.

The question involved is whether the county treasurer, as *ex-officio* county collector, is entitled to fees on the taxes collected by him for the city of Altamont, and if so, the amount of such fees.

The county of Effingham is a county of the first class and is under township organization. Appellee S. L. James, as *ex-officio* county collector, collected $10,780 in taxes for the city of Altamont in the year 1926 and retained three per cent thereof, or $323.40. The charge in the first count of the declaration is that the retention of this amount was unlawful, and it is alleged that he was entitled to no fees on the money collected. By the briefs of counsel it appears that the basis of this charge is that section 21 of the Fees and Salaries act, as construed by counsel for appellant, is unconstitutional, and that since, under section 243 of the

Revenue act, there is now no town collector, the county collector is entitled to no fees. By the second count of the declaration it is charged that James retained fees amounting to three per cent of the amount collected, whereas he was entitled to but one per cent under section 21 of the Fees and Salaries act as construed by counsel for appellant. The additional count alleged that the county collector retained the sum of $155.25 as fees on the amount of municipal taxes collected for the city before March 10, 1926, which collections, it is alleged, were made as *ex-officio* town collector, and that since, under section 243 of the Revenue act, there is now no town collector, James, as county collector, was not entitled to charge fees on moneys collected by him as town collector prior to March 10, 1926.

Four questions are presented in this record: First, whether section 21 of the Fees and Salaries act as construed by counsel for appellant is unconstitutional; second, if section 21 is held constitutional, whether the collector may charge three per cent on the taxes collected for the city of Altamont or is limited to one per cent; third, whether the warrant by the county clerk to the county collector for the collection of taxes was illegal, and if so, whether the county collector had the authority to charge fees for the collection of taxes for the city of Altamont; fourth, whether the taxes collected by the county collector before March 10, 1926, were collected by him in the capacity of *ex-officio* town collector, and if so, whether in that capacity he had authority to charge fees on the taxes collected before that date.

Section 21 of the Fees and Salaries act, (Smith's Stat. 1927, p. 1410,) in so far as it relates to this controversy, provides as follows: "County collectors shall be allowed a commission on all money collected by them and paid to the proper officer, of three per cent in counties of the first class; of two per cent in counties of the second class; of one and one-half per cent in counties of the third class, excepting

on all moneys said county collectors collect for incorporated cities, villages and other municipalities in counties under township organization, upon which said county collectors shall be allowed a commission of one per cent on all moneys collected by them for such cities and paid over by them to the proper officer."

Appellant contends that this section is unconstitutional for the reason that it does not provide uniformity of fees of county officers, as required by section 11 of article 10 of the constitution, requiring that fees of each class of county officers shall be uniform in the class of counties to which they respectively belong. There must first be determined the construction to be given to this section. The construction contended for by appellant of the language, "excepting on all moneys said county collectors collect for incorporated cities, villages and other municipalities in counties under township organization, upon which said county collectors shall be allowed a commission of one per cent on all moneys collected by them for such cities and paid over by them to the proper officer," is, that all counties of the State under township organization, of the first, second and third classes, come within the exception just quoted, and that therefore the fees for the collection of municipal taxes in counties under township organization are different from those allowed in counties of the same class not under township organization. The consideration of this exception has not previously been before this court. Where a statute is susceptible of two constructions, one of which would render it unconstitutional and the other protect its validity, the latter construction is to be adopted if it can reasonably be done. Every reasonable doubt must be resolved in favor of a statute and not against it. Courts will not adjudge it invalid unless its violation of the constitution is clear and unmistakable. (*People* v. *Crawley,* 274 Ill. 139; *People* v. *Gaulter,* 149 id. 39; Black on Const. Law,—2d ed.—p. 61.) An examination of section 21 of the Fees and Salaries act dis-

closes that the fees allowed county collectors in counties of the first class is three per cent on all moneys collected by them and paid over to the proper officer. In counties of the second class, fees amounting to two per cent are allowed. It will be noted that in the language of this section the provision for first-class counties is separated from the provision for second-class counties by a semicolon. A semicolon is also used between the provision for second-class counties and that for third-class counties. The exception referred to, however, is separated from the provision for counties of the third class by a comma. It appears, therefore, by the general rules of punctuation, that such exception is made to relate only to fees allowed in counties of the third class. It seems apparent, also, that the purpose of the legislature was to so limit the application of the exception. In the construction of statutes punctuation is to be considered and given effect, and it is controlling unless the wording of the statute shows a different meaning. While punctuation is not allowed to control the plain meaning of the words, when the meaning is not plain the punctuation is to be resorted to in determining the intention of the legislature. (*Tyrrell* v. *New York,* 159 N. Y. 239; 2 Sutherland on Stat. Const.—2d ed.—sec. 361.) Under this construction the exception as to moneys collected for cities and villages in counties under township organization, and upon which the county collector is allowed a commission of one per cent, applies only to third-class counties. The constitutionality of the act is not, therefore, a question which concerns the appellant, as it is a city in a first-class county. The rule is well settled that the invalidity of a section of the statute may not be invoked by one who is not affected by such invalidity. (*People* v. *Diekmann,* 285 Ill. 97; *Brand* v. *Brand,* 252 id. 134; *City of Chicago* v. *Wolf,* 221 id. 130.) As appellant is not affected by the exception referred to, no further attention need be given to the question of the validity of section 21.

This construction of section 21 of the Fees and Salaries act also disposes of the second question, which is, whether appellee James, as county collector, is limited to one per cent on the taxes collected for municipalities within the county. By section 21 county collectors in counties of the first class are allowed a commission of three per cent on all moneys collected by them and paid over to the proper officer.

It is contended as to the third point, that there is no provision in the statute for issuing a warrant to a county collector but that the only provision is that such warrant be issued to the town collector. By section 1 of article 7 of the Township Organization act, (Smith's Stat. 1927, p. 2723,) county collectors in counties having a population of less than 100,000 are made *ex-officio* town collectors, and all the duties of the town collector devolve upon and are to be performed by the county collector. In *People* v. *Wallace*, 291 Ill. 465, it was held that section 243 of the Revenue act was amended for the purpose of carrying out the plan of having all taxes collected by the county treasurer in counties under township organization having a population of less than 100,000, thereby abolishing the office of town collector, and the duties of that officer were therefore vested in the county treasurer as *ex-officio* county collector. This being so, it follows not only as a logical sequence, but, as it seems to us, in accordance with the intent of the legislature, that the warrant theretofore issued to the town collector should be issued to the county collector. Appellant's third objection, therefore, cannot be sustained.

Appellant contends as to the fourth point, that the county collector in the collection of taxes acted as *ex-officio* town collector up to March 10, and that since the office of town collector and the fees formerly allowed such officer have been abolished, the county collector is entitled to no fees for any collection of taxes made before March 10. Section 243 of the Revenue act, (Smith's Stat. 1927, p. 2291,) as amended in 1917, provides as follows: "The

county collector shall on the first day of April and the first day of each and every month thereafter, pay over to the other proper authorities or persons the amounts in his hands and payable to them as taxes, not theretofore paid over: *Provided,* that in counties under township organization, where no town collectors are elected, no fees or commissions shall be deducted by the county collector from taxes collected by him and heretofore authorized to be collected by town collectors, and all such taxes collected shall be paid over in full to the proper authorities or persons authorized by law to receive the same." This question, in effect, was presented in *People* v. *Wallace, supra,* where it was argued that, the office of town collector having been abolished, the county collector is entitled to no fees, but this court there said: "It is hardly conceivable that the legislature would add materially to the duties of the county treasurer and at the same time take from the county treasurer the only means available to him to pay the necessary costs of performing the duties." In that case it was held that the provision of section 243, "all such taxes collected shall be paid over in full," is to be construed as meaning that the county collector shall pay over the full amount collected, less his commissions allowed by section 21 of the Fees and Salaries act. The question was again considered in *People* v. *Knecht,* 294 Ill. 485, and this court adhered to the holding in *People* v. *Wallace, supra.*

The circuit court did not err in sustaining the demurrer to the declaration in this case, and the judgment will be affirmed.

                              *Judgment affirmed.*