(No. 23566.—

THE ILLINOIS BELL TELEPHONE COMPANY, Appellant, *vs.*
KNOWLTON L. AMES, JR., Director of Finance, *et al.*
Appellees.

*Opinion filed October 27, 1936.*

CUTTING, MOORE & SIDLEY, and BROWN, HAY & STEPHENS, (KENNETH F. BURGESS, LESLIE N. JONES, LOGAN HAY, DOUGLAS F. SMITH, BEN B. BOYNTON, and C. DAGGETT HARVEY, of counsel,) for appellant.

OTTO KERNER, Attorney General, (MONTGOMERY S. WINNING, and W. F. GRAY, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a suit to enjoin appellees, Knowlton L. Ames, Director of Finance, and John Stelle, State Treasurer, from transferring from the so-called "protest fund" certain taxes paid in under protest by appellant under the Public Utility Tax act, (State Bar Stat. 1935, chap. 120, pars. 440-453,) and to recover the same or a part thereof.

Appellant is engaged in the operation of telephone and telegraph facilities in this State. The suit is occasioned by the interpretation of the tax act by the Department of Finance, by which interpretation appellant is called upon to pay taxes which it says are not recoverable under the act. Appellant also says that if the department's interpretation of the act is correct the act is invalid as in violation of the State and Federal constitutions. The bill was filed in the circuit court of Sangamon county and on motion of appellees was dismissed for want of equity.

The act under consideration, known as the Public Utility Tax act, is entitled, "An act in relation to a tax upon persons engaged in the business of transmitting telegraph or telephone messages or of distributing, supplying, furnishing or selling water, gas, or electricity." The first sec-

tion consists of definitions. By the second section the tax is imposed. This section reads as follows: "A tax is imposed upon each public utility at the rate of three per cent (3%) of the gross receipts as defined in this act, of such public utility, from the conduct of the business of transmitting telegraph or telephone messages and of distributing, supplying, furnishing or selling water, gas or electricity to persons for domestic or commercial consumption and not for resale, until January 1, 1937, and at the rate of two per cent (2%) thereafter. However, such taxes are not imposed with respect to any transaction in interstate commerce, or otherwise, which transaction may not, under the constitution and statutes of the United States, be made the subject of taxation by this State."

It will be observed that the tax is imposed on the gross receipts of the public utilities of the kind designated in the act. Gross receipts are by section 1 defined as follows: " 'Gross receipts' means the consideration received for the transmission of telegraph or telephone messages, or for water, gas or electricity supplied or furnished to persons for domestic or commercial consumption and not for resale, and for all services rendered in connection therewith, including minimum service charges, and shall include cash, services and property of every kind or nature, and shall be determined without any deduction on account of the cost of the service, products or commodity supplied, the cost of materials used, labor or service costs, or any other expense whatsoever. In case credit is extended, the amount thereof shall be included only as and when payments are received." This section also defines "department" and "public utility." Its last clause is as follows: "The words 'for domestic or commercial consumption and not for resale,' are used, with respect to every public utility as defined in this act, in the same sense in which they are used and defined in paragraph (a) of section 616 of the Federal Revenue act of 1932, as amended, and the rules and regulations issued thereunder and now in force."

The construction of the Department of Finance objected to is, that appellant shall pay three per cent on all of its gross receipts from business transacted in the State, and that water, gas and electric utilities furnishing such service shall pay the three per cent tax on gross receipts received for commercial consumption and not for resale, and that there is excluded from the gross receipts of the utilities furnishing water, gas or electricity such receipts as shall be received from industries, schools, churches, charitable institutions of all kinds, railroads and other uses which are not domestic or commercial. Appellant argues that the entire act applies to all of the public utilities therein named, alike.

It is alleged in its bill and admitted by the motion to dismiss, that between ten per cent and fifteen per cent of appellant's gross income is derived from the sale of service for uses other than "domestic or commercial consumption and not for resale," such service being rendered to industries, schools, churches, charitable institutions of all kinds, railroads and other uses which are not domestic or commercial, and that the service it sells is no different in that regard from that furnished by the other utilities mentioned. Appellant says this is the correct construction of the act, and if it is not, then the act is invalid as constituting discrimination without reasonable basis for classification. Appellees argue that the legislature, in passing the act, intended to, and did, place telephone and telegraph utilities in a different class from those furnishing gas, water and electricity.

It is a principle of construction often announced, that the intention of the law-makers is to be found and given effect, and where the language of the act is obscure or its meaning doubtful, resort may be had to the title thereof to enable the court to discover the intent and make certain what is otherwise uncertain or ambiguous. (*Cohn* v. *People,* 149 Ill. 486; *United States* v. *Palmer,* 3 Wheat. (U. S.) 631.) The legislative intent must be gathered from the entire act rather than from one clause, sentence or section

thereof, and courts may not confine their attention to the one part or section to be construed. (*People v. Giles,* 268 Ill. 406; *Warner* v. *King,* 267 id. 82.) A statute is passed as a whole and not in parts or sections, hence each part should be construed in connection with every other part or section in order to ascertain the intention of the legislature. *Louisville and Nashville Railroad Co.* v. *Industrial Board,* 282 Ill. 136; *Uphoff* v. *Industrial Board,* 271 id. 312.

The controversy concerning the construction of the act centers around the term "gross receipts," and it is here, appellees say, that the legislature demonstrated an intention to place telephone and telegraph companies in a different classification. They say the use of a comma after the word "messages" indicates that intention and that the act should be so construed. They say that the phrase "for the transmission of telegraph or telephone messages," and the phrase "or for water, gas, or electricity supplied or furnished to persons for domestic or commercial consumption and not for resale" are co-ordinate phrases, each of which is introduced by the preposition "for," and that the use of the conjunction "or" indicates a modification by each phrase of the words "consideration received." They say, also, that the words "for domestic or commercial consumption and not for resale," while properly applicable to furnishing water, gas or electricity, are not appropriate when applied to transmission of telegraph or telephone messages, as the messages are not consumed and are not subject to resale but are merely a service, whereas water, gas or electricity, although furnished by a public service company, is, in fact, a product or commodity which the customers may consume or resell. They say, also, that the punctuation indicates that the words limiting the tax to receipts from domestic or commercial consumption should not be carried back for the purpose of modifying any words in the preceding co-ordinate phrase relating to gross receipts from the telephone and telegraph business. They argue that section 1 of the

act should be construed as though written as follows: "Gross receipts means the consideration paid for transmission of telegraph or telephone messages and for all service rendered in connection therewith including minimum service charges," etc., and that as applied to water, gas and electricity should be read as follows: " 'Gross receipts' means the consideration received for water, gas or electricity supplied or furnished to persons for domestic or commercial consumption and not for resale, and all service rendered in connection therewith, including minimum service charges," etc.

The intention of the legislature as expressed in the title and in section 2 of the act is to levy a tax upon the gross receipts of the five specifically named public utilities. "Public utility" is defined to mean a person engaged in the business of transmitting telegraph or telephone messages, or of distributing, supplying, furnishing or selling water, gas or electricity for domestic or commercial consumption and not for resale. The words "for domestic or commercial consumption and not for resale" are used with respect to every public utility as defined in the act in the same sense in which they are used and defined in paragraph ($a$) of section 616 of the Federal Revenue act of 1932 as amended and the rules and regulations issued thereunder and now in force. Paragraph ($a$) of section 616 of the Federal Revenue act of 1932 (U. S. C. A. sec. 3616,) provides: "There is hereby imposed upon electrical energy sold for domestic or commercial consumption and not for resale a tax equivalent to 3% of the price for which so sold by the vendor under such rules and regulations as the commissioner, with the approval of the Secretary shall prescribe, the sale of electrical energy to an owner or lessee of a building who purchases such electrical energy for resale to the tenants therein shall, for the purposes of this section, be considered a sale for consumption and not for resale but the resale to the tenant shall not be considered a sale for consumption."

It will be noted that paragraph (*a*) of section 616 of the Federal Revenue act deals only with "electrical energy" sold for domestic consumption and not for resale, while the words "for domestic or commercial consumption and not for resale," in section 1 of the act under consideration, state that said words are used with respect to all public utilities affected by the act. The public utilities defined in the act include water and gas companies, neither of which furnishes electrical energy. It seems clear, therefore, that as the words "for domestic or commercial consumption and not for resale" apply to water and gas companies, telegraph and telephone companies are not specifically excluded. The use of the word "every," in referring to the public utilities subject to the tax, indicates a legislative intention to use the words "for domestic or commercial consumption and not for resale" in the same sense as to all of the utilities coming within the act, and not to exclude telegraph and telephone companies.

Counsel for appellees argue that the punctuation is sufficient to determine the intention of the legislature to place telephone and telegraph utilities in a different class. It is a rule long since adopted in this State that in the construction of a statute its punctuation is to be considered and given weight unless from inspection of the whole act it is apparent it must be disregarded in order to arrive at the intention of the legislature. (*Smith* v. *County of Logan,* 284 Ill. 163; *Commissioners of Highways* v. *Ellwood,* 193 id. 304.) Punctuation, however, may not be resorted to when there is no real ambiguity except what the punctuation itself creates. In other words, the punctuation should not be allowed to obscure what is otherwise clear and unambiguous language of the statute. Punctuation is not entitled to weight as evidence of legislative intention as against considerations which demonstrate the intention of the legislature. *Barrett* v. *VanPelt,* 268 U. S. 85; *Dunn & Sons* v. *Broger,* 81 Atl. (Md.) 516.

In considering the question whether a classification was attempted by the legislature as between telephone companies and the other utilities therein referred to, an elementary rule of statutory construction must be always borne in mind. Where a statute is susceptible of two constructions, one of which would render it unconstitutional and the other protect its validity, the latter construction is to be adopted if such can reasonably be done. (*People* v. *James,* 328 Ill. 262; *People* v. *Shader,* 326 id. 145.) What, then, is the difference in these utilities from which may be drawn the basis of a legislative intent to so classify them as to exclude certain of them from the prescribed taxing basis while applying it to all others? Discrimination, to be within the legislative power, must rest upon differences bearing some reasonable relation to the purposes of the act. In other words, it must be seen that the legislature, in enacting this statute, correctly perceived a reasonable difference between telephone and telegraph utilities on the one hand and water, gas or electric utilities on the other, in the application of the taxing basis provided by the act.

The bill alleges, and the motion to dismiss admits, that from ten per cent to fifteen per cent of the business of the appellant telephone company is for other than "commercial and domestic consumption," and includes such as industries, schools, hospitals and the like. What, then, is there in the nature of the business of telephone and telegraph companies, or the utilities themselves, so differing from the other three, when considered in relation to the purpose of the act, as to afford a basis for classification? Each, so far as the record shows, furnishes service for other than commercial or domestic uses. Counsel say that telephone messages may not be consumed, and that the words "for domestic and commercial consumption and not for resale" are inappropriate as applied to telephone service but are appropriate as applied to gas, water and electricity. This court, in *Peoples Gas Light Co.* v. *Ames,* 359 Ill. 152, very

definitely set at rest the question whether public utilities such as are enumerated in this statute are engaged in the business of selling. It was there held that they are engaged in rendering service rather than in selling.

The word "consumption" must be taken to mean the same with respect to one of the services here considered as when applied to any of the others. To use services is to consume them. The electrical energy which is consumed in transmitting a telegraph or telephone message, so far as electrical energy is understood at all, is known to be the same as that supplying light, heat and power in the home, differing only in the amount used. No one knows whether electricity is consumed or whether it passes through the appliances and continues in existence. We think it was the legislative intention that, so far as utilities furnishing electricity are concerned, the word "consumed" be construed to mean "used," and that it was the service that was consumed rather than a commodity. There cannot in this, therefore, be found such a difference in character between telephone and telegraph utilities and those designated in the act as furnishing electricity as to afford a reasonable basis for classification between them for purposes of taxation. It is conceded that utilities furnishing electricity are classed with those furnishing water and gas. It must follow, therefore, that the character of the service furnished does not afford the difference necessary to a difference in classification between appellant and water or gas utilities. Nor are we impressed with the argument that the use of a comma after the word "messages" is to be taken as evidence of such intention. A comma is not used following the word "messages" in the title of the act nor in section 2, which is the taxing section of the statute.

Appellant argues that it is quite clear from the last clause of section 1, explaining the intended use of the phrase "for domestic or commercial consumption and not for resale," that the legislature intended that the act should apply

to all utilities named in the act. That clause states clearly that those words "are used, with respect to every public utility as defined in this act, in the same sense in which they are used and defined in paragraph (*a*) of section 616 of the Federal Revenue act," etc. It seems to us a strained construction to say that the legislature intended such language and the provision of the Federal act to apply to some of the utilities "defined in this act" and not to all. It seems clear to us that the legislature did not intend to create two classes of utilities to which this act should be made applicable, and that the circuit court erred in so holding.

Under this view it does not become necessary to consider the constitutionality of the act. Appellant concedes its constitutionality under the construction here adopted.

The decree of the circuit court dismissing appellant's bill was erroneous and is reversed and the cause is remanded, with directions to overrule the motion to dismiss and for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*