THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DAVID K. BARTLETT, Defendant-Appellee.

Second District    No. 2—97—0002

Opinion filed January 27, 1998.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and William L. Browers, Arleen C. Anderson, and Robert K. Villa, Assistant Attorneys General, of counsel), for the People.

John Patrick Carbon, Jr., of Law Offices of John P. Carbon, Jr., of Addison, for appellee.

JUSTICE RATHJE delivered the opinion of the court:

The State appeals the circuit court's order dismissing four counts of a six-count indictment against defendant, David Bartlett. The indictment charged defendant with violating the Illinois Securities Law of 1953 (815 ILCS 5/1 *et seq.* (West 1994)) (the Act). On appeal, the State contends that the court erred in (1) dismissing counts I and II on the ground that the indictment failed to allege specifically that anyone relied on the allegedly false statements; and (2) dismissing counts III and IV on the ground that the indictment failed to allege that the "statement" defendant circulated was one required by the Act. We reverse and remand.

All six counts of the indictment relate to defendant's alleged promotion of a pyramid scheme. Counts I and II allege that defendant knowingly engaged in a course of business in connection with the sale of securities that tended to work a fraud and deceit upon buyers. Specifically, they allege that defendant solicited investors to purchase "investment contracts" for $2,000. Defendant represented that the investors would receive a return of $16,000; that the scheme was legal; and that there was no risk to investors. The indictment alleges that defendant knew that each of these statements was untrue, given that the investment contract was in fact an illegal pyramid scheme. See 815 ILCS 5/12(F) (West 1994).

Counts III and IV allege that defendant "circulated a statement purported to be 'rules' for the participation in an illegal pyramid scheme having reasonable grounds to know that certain material representations contained therein were false and untrue." See 815 ILCS 5/12(H) (West 1994). Counts V and VI, which are not at issue in this appeal, charge defendant with promoting an illegal pyramid sales scheme (720 ILCS 5/17—7(b) (West 1994)).

The court dismissed counts I and II on the ground that they failed to allege that anyone in fact relied on the allegedly false statements. The court also dismissed counts III and IV, alleging that defendant circulated a statement containing false representations because they failed to allege that the "statement" was one that the Act required.

We note that defendant has not filed a brief in this court. However, we will consider the merits of the appeal under the standard set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976).

The State first contends that the court erroneously dismissed counts I and II. The State concedes that it is required to allege and prove reliance, but contends that the element of reliance is inherent in the allegation that defendant's conduct "tended to work a fraud and deceit."

■ When a charging instrument is attacked in a pretrial motion, it will be found sufficient if it states the name of the offense and the relevant statutory provision, the nature and elements of the offense, the date and county where the offense occurred, and the name of the accused. 725 ILCS 5/111—3(a) (West 1994); *People v. Meyers*, 158 Ill. 2d 46, 51 (1994). An instrument that charges an offense in the language of the statute is sufficient when the words of the statute sufficiently define the offense so that the accused is apprised with reasonable certainty of the precise offense with which he or she is charged. *Meyers*, 158 Ill. 2d at 51-52.

■ Section 12(F) of the Act, on which counts I and II are based, provides:

"It shall be a violation of the provisions of this Act for any person:

\* \* \*

F. To engage in any transaction, practice or course of business in connection with the sale or purchase of securities which works or tends to work a fraud or deceit upon the purchaser or seller thereof." 815 ILCS 5/12(F) (West 1994).

The indictment tracks the language of the statute and adds specific factual allegations about the transactions. The statute does not specifically require that anyone have relied on any false statements. However, we agree with the State that the concept of reliance is inherent in the requirement that the transaction "works or tends to work a fraud or deceit."

■ In interpreting a statute, courts must give the language its plain and ordinary meaning. A term of well-known legal significance is presumed to have that meaning in a statute. *Advincula v. United Blood Services*, 176 Ill. 2d 1, 17 (1996). The word "fraud" has an accepted legal definition. To state a cause of action for fraud, a party must establish, *inter alia*, that a person made a false statement of material fact and that the aggrieved party justifiably relied on the truth of the statement. See, *e.g.*, *Barille v. Sears Roebuck & Co.*, 289 Ill. App. 3d 171, 176 (1997).

By using the word "fraud" in the statute, the legislature presumably intended to incorporate the element of reliance. Thus, the indictment did not have to allege separately this element. The trial court erred in dismissing counts I and II on this ground.

■ The State next contends that the court erred in dismissing counts III and IV. Those counts were brought pursuant to section 12(H), which provides:

"It shall be a violation of the provisions of this Act for any person:

\* \* \*

H. To sign or circulate any statement, prospectus, or other paper or document required by any provision of this Act knowing or having reasonable grounds to know any material representation therein contained to be false or untrue." 815 ILCS 5/12(H) (West 1994).

Defendant argued, and the trial court agreed, that the phrase "required by any provision of this Act" modifies the words "statement," "prospectus," "paper," and "document." Because the indictment failed to allege that the "statement" defendant circulated was one "required by any provision of this Act," it failed to charge an offense under this section.

The State argues that the phrase "required by any provision of this Act" modifies only the word immediately preceding it. Thus, the statutory prohibition of false representations applies to four things: statements, prospectuses, "other papers," and "documents required by this act." Under this construction, the indictment is not required to allege that defendant's statement was one required by the Act.

■ In construing a statute, a court must ascertain and give effect to the legislature's intent in enacting the statute. *Collins v. Board of Trustees of Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 110 (1993). The statutory language is usually the best indication of the drafters' intent, and the language should be given its plain, ordinary, and popularly understood meaning. *Collins*, 155 Ill. 2d at 111. A statute must be read as a whole and no word should be interpreted so as to be rendered meaningless. *Harris v. Manor Healthcare Corp.*, 111 Ill. 2d 350, 362-63 (1986).

■ The objective of the Act is to protect innocent persons who may be induced to invest their money in speculative enterprises over which they have little control, and the Act must be liberally construed to better protect the public from deceit and fraud in the sale of securities. *Lucas v. Downtown Greenville Investors Ltd. Partnership*, 284 Ill. App. 3d 37, 49 (1996); *Meihsner v. Runyon*, 23 Ill. App. 2d 446, 456 (1960).

■ Interpreting the Act as the trial court did essentially renders the word "statement" in paragraph H meaningless. Under this construction, "statement" would not be any different from the later reference to "other paper or document." We will not assume that the legislature included the word "statement" in the statute intending it to have no meaning. The State's interpretation, which gives the word "statement" some meaning, is thus more reasonable.

The State's construction is also consistent with a broad reading of the Act to effectuate its purpose of protecting the public from

unscrupulous securities dealers. Members of the public are just as likely, if not more likely, to be deceived by statements such as the one in question, advertising securities for sale, as by statements required under the Act, which may not be widely available to the public. We note that, in furtherance of the goal of protecting the public, the Act permits the Secretary of State to require that advertising material be filed with that office. 815 ILCS 5/9 (West 1994). A broad reading of the statute mandates that the prohibition against false statements apply to as many types of documents as practicable.

Additionally, the "last antecedent" rule provides that qualifying words or phrases are to be applied to the words or phrases immediately preceding them and not as extending to or including more remote words and phrases unless the intent of the General Assembly clearly requires otherwise. *Board of Education of Rockford School District No. 205 v. Regional Board of School Trustees*, 135 Ill. App. 3d 486, 492 (1985). Applying the last antecedent rule results in finding that "required by this Act" applies only to "documents," or perhaps "other papers and documents," but not "statements." As we have determined that a broad reading of the statute best effectuates the legislative purpose, the legislative intent does not require us to apply the exception to the "last antecedent" rule in this case. This, in turn, leads to the conclusion that the trial court improperly dismissed counts III and IV.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GEIGER, P.J., and THOMAS, J., concur.