*In re* K.B.J., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Brendalee Boden, Respondent-Appellant).

Fourth District   No. 4—98—1054

Opinion filed July 1, 1999.

E. John Clark, of Quincy, for appellant.

Barney S. Bier, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, and James C. Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Respondent mother Brendalee Boden appeals from the orders of the circuit court of Adams County finding her an unfit parent and terminating her parental rights in K.B.J. (born January 5, 1996). Respondent father Roger J. irrevocably surrendered his parental rights and is not a party to this appeal. Respondent, on appeal, argues the trial court erred in finding that 12 months had passed from the time of adjudication to the filing of the motion to terminate parental rights as required by the statute. We affirm.

On July 1, 1997, the State filed a petition for adjudication of ward-

ship pursuant to section 2—3(1)(b) of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/2—3(1)(b) (West 1996)), alleging K.B.J. to be neglected because his environment was injurious to his welfare when he resided with his mother. The petition specifically alleged (1) respondent mother had an extensive history with the Department of Children and Family Services (DCFS), and her parental rights to her two daughters had been terminated in 1996 (Adams County case Nos. 93—J—81, 93—J—82); (2) respondent mother failed to address chronic neglect problems at home, allowing Steven Vandermaiden, a convicted arsonist and indicted child abuser, into her apartment and around the minor; (3) respondent mother refused to get counseling, although she admitted she needed it; (4) the minor's physician was concerned that the minor was not gaining weight; and (5) DCFS had "indicated" respondent mother for environmental neglect due to the unclean condition of the home. On September 26, 1997, K.B.J. was adjudicated a neglected minor for all of the above reasons. On October 21, 1997, the trial court entered its dispositional order making K.B.J. a ward of the court, removing custody from respondent mother, and placing K.B.J. under the guardianship of DCFS.

On July 14, 1998, the State filed a petition to terminate parental rights under section 1(D)(m) of the Adoption Act (750 ILCS 50/1(D)(m) (West Supp. 1997)), alleging respondent mother to be an unfit parent because she failed to make (1) reasonable progress toward the return of the child within nine months of the adjudication of neglect and (2) reasonable efforts to correct the conditions that were the basis for the removal of the child from her. Following the unfitness hearing conducted on October 20 and 21, 1998, the trial court found respondent mother unfit for failure to make reasonable efforts to correct the conditions that were the basis of the child's removal from her and for failure to make reasonable progress toward the child's return within nine months of the adjudication of neglect. Although the trial court's order stated the time period was nine months, the trial court stated at the October 21 hearing that it would apply the 12-month period provided in an earlier version of the statute (750 ILCS 50/1(D)(m) (West 1996)) because of concern respondent mother may not have been given admonishments required by recent statutory amendments with which the trial court associated the reduction of the time period from 12 months to 9 months. The order terminating respondent mother's parental rights was entered on October 26, 1998.

Respondent mother's brief includes two sections in the argument. The first section is "GENERAL PROPOSITIONS OF LAW." The second section poses the question of whether the State and the trial court complied with the 12-month statutory time period over which

reasonable progress is to be assessed. At the time the petition to terminate parental rights was filed in this case, section 1(D)(m) of the Adoption Act provided as a ground for finding parental unfitness the failure "to make reasonable progress toward the return of the child to the parent within 9 months after an adjudication of neglected or abused minor under Section 2—3 of the Juvenile Court Act of 1987 or dependent minor under Section 2—4 of that Act." 750 ILCS 50/1(D)(m) (West Supp. 1997). Effective August 16, 1997, section 1(D)(m) of the Adoption Act was amended to shorten the period of the reasonable progress standard from 12 months to 9 months (Pub. Act 90—27, § 45, eff. June 25, 1997 (1997 Ill. Laws 1437, 1489)); 750 ILCS 50/1 (West Supp. 1997); 750 ILCS Ann. 50/1, Historical & Statutory Notes, at 235-36 (Smith-Hurd Supp. 1998).

Respondent mother's only argument focuses on the fact that the petition for termination of parental rights was filed before the expiration of the 12 months after the adjudication of neglect and that the trial court, therefore, could not have considered respondent mother's progress over a 12-month period, even though the unfitness hearing was conducted more than 12 months after the adjudication of neglect. See *In re A.T.*, 197 Ill. App. 3d 821, 831-32, 555 N.E.2d 402, 409 (1990).

She does not suggest or argue that the evidence was insufficient to find her unfit as alleged in the petition to terminate parental rights for failure to make reasonable efforts and/or failure to make reasonable progress within nine months of adjudication.

We need not decide whether the trial court improperly applied the reasonable progress standard in this case. Respondent mother was found to be an unfit parent for failure "to make reasonable efforts to correct the conditions that were the basis for the removal of the child from the parent." 750 ILCS 50/1(D)(m) (West Supp. 1997). Although contained in the same subsection, reasonable efforts and reasonable progress are separate and distinct grounds for unfitness. *In re L.L.S.*, 218 Ill. App. 3d 444, 458-59, 577 N.E.2d 1375, 1385 (1991), quoting *In re Allen*, 172 Ill. App. 3d 950, 956, 527 N.E.2d 647, 651-52 (1988); *In re Austin*, 61 Ill. App. 3d 344, 349, 378 N.E.2d 538, 542 (1978). Although courts have construed the meaning of the term "12 months" in this statute, in doing so some courts have assumed the 12-month period applied to both standards of unfitness without utilizing a statutory construction analysis to arrive at that conclusion. See *In re C.R.*, 221 Ill. App. 3d 373, 377, 581 N.E.2d 1202, 1205 (1991); *A.T.*, 197 Ill. App. 3d at 831-32, 555 N.E.2d at 409; *In re R.S.*, 174 Ill. App. 3d 132, 133-34, 528 N.E.2d 25, 25-26 (1988); *In re Smith*, 95 Ill. App. 3d 373, 377, 420 N.E.2d 200, 203 (1981). Other courts have construed the "12 months" terminology without making that assumption. *In re S.J.*, 233

Ill. App. 3d 88, 118-19, 598 N.E.2d 456, 475-76 (1992); *In re T.B.*, 195 Ill. App. 3d 919, 924-25, 552 N.E.2d 1107, 1110-11 (1990). In none of these cases did the court consider the specific issue of whether the time period alluded to in the statute applied to the reasonable efforts ground.

■ "The cardinal rule of statutory construction is to ascertain and give effect to the true intent of the legislature." *People v. Latona*, 184 Ill. 2d 260, 269, 703 N.E.2d 901, 906 (1998). The starting point for the analysis is the language of the statute, and if the statute's language is clear and unambiguous, it will be given effect without resort to other tools of construction. *Gem Electronics of Monmouth, Inc. v. Department of Revenue*, 183 Ill. 2d 470, 475, 702 N.E.2d 529, 532 (1998).

■ In determining legislative intent, courts consider the reason and necessity for the statute, the evils to be remedied, and the objectives to be obtained. Courts avoid construing the statute so as to defeat its purpose or yield an absurd or unjust result. *Latona*, 184 Ill. 2d at 269, 703 N.E.2d at 906; *Pierce Downer's Heritage Alliance v. Village of Downers Grove*, 302 Ill. App. 3d 286, 295-96, 704 N.E.2d 898, 904-05 (1998). Courts "consider the nature, object[,] and consequences of construing the statute one way as opposed to another." *Bowne of Chicago, Inc. v. Human Rights Comm'n*, 301 Ill. App. 3d 116, 120, 703 N.E.2d 443, 446 (1998).

■ In this case, to determine the purpose of the statutory language at issue, this court must look at the purposes of both the Juvenile Court Act and the Adoption Act. Section 2—29 of the Juvenile Court Act (705 ILCS 405/2—29 (West Supp. 1997)) authorizes termination of parental rights pursuant to the Adoption Act. The legislature expressed its intention that the Juvenile Court Act be liberally construed to carry out the purposes expressed in that act, which are to serve the best interests of the child in relation to the child's safety and the moral, emotional, mental, and physical welfare of the minor. 705 ILCS 405/1—2(1), (4) (West Supp. 1997). The goals of the Juvenile Court Act include preserving and strengthening family ties "whenever possible," but if reunification fails or is delayed, then the best available placement is to be made to provide permanency for the child. 705 ILCS 405/1—2(1) (West Supp. 1997). The Adoption Act is also to be liberally construed. *In re Donte A.*, 259 Ill. App. 3d 246, 252, 631 N.E.2d 257, 261 (1994)). The overriding concern of both acts is the best interests of the child. *In re Marriage of T.H.*, 255 Ill. App. 3d 247, 253, 626 N.E.2d 403, 408 (1993).

> "Obviously, best interests considerations under the Juvenile Court Act and the Adoption Act are not mutually exclusive. However, the juvenile court's best interests considerations, in the context of a

termination proceeding, are limited to a determination of whether it is in the child's best interests to be freed for adoption. By contrast, best interests considerations in the context of an adoption proceeding concern the appropriateness of a particular adoption placement." *In re M.M.*, 156 Ill. 2d 53, 67, 619 N.E.2d 702, 710-11 (1993).

The statutes are liberally construed to effectuate their purposes. We do not construe the legislature's liberal construction directive to mean the statutes are to be liberally construed in favor of the parents at the expense of the children.

■ The specific language at issue is the first sentence of section 1(D)(m) of the Adoption Act, which provides the following grounds for unfitness:

> "Failure by a parent to make reasonable efforts to correct the conditions that were the basis for the removal of the child from the parent, or to make reasonable progress toward the return of the child to the parent within 9 months after an adjudication of neglected or abused minor under Section 2—3 of the Juvenile Court Act of 1987 or dependent minor under Section 2—4 of that Act." 750 ILCS 50/1(D)(m) (West Supp. 1997).

The word "or" is used in the disjunctive, giving rise to an inference that the legislature intended the grounds to be viewed in the alternative. See *In re Lakita B.*, 297 Ill. App. 3d 985, 992, 697 N.E.2d 830, 835 (1998). As already noted, the courts have consistently interpreted these as separate and distinct grounds for finding unfitness.

■ The question then becomes which grounds are modified by the terminology "within 9 months after an adjudication of neglected or abused minor under Section 2—3 of the Juvenile Court Act of 1987 or dependent minor under Section 2—4 of that Act." 750 ILCS 50/1(D)(m) (West Supp. 1997).

> "Under the doctrine of the last antecedent, relative or qualifying words or phrases in a statute serve only to modify words or phrases which are immediately preceding. They do not modify those which are more remote." *McMahan v. Industrial Comm'n*, 183 Ill. 2d 499, 511-12, 702 N.E.2d 545, 551 (1998).

As a result, the modifying language only refers to the reasonable progress ground, not to the reasonable efforts ground. The placement of the comma after the word "parent" reinforces the separation of the language preceding and following the comma. Even the further language in section 1(D)(m) of the Adoption Act demonstrates that the legislature does not employ a comma to separate the series of related but alternative phrases joined by the word "or." A statute's punctuation, while not necessarily controlling in determining legislative intent, may be considered in determining legislative intent unless it appears

that the statute is punctuated inconsistent with legislative intent. *Illinois Bell Telephone Co. v. Ames*, 364 Ill. 362, 368, 4 N.E.2d 494, 497 (1936); *People ex rel. City of Altamont v. James*, 328 Ill. 262, 266, 159 N.E. 194, 195-96 (1927); *Smith v. County of Logan*, 284 Ill. 163, 171-72, 119 N.E. 932, 936 (1918); 2A N. Singer, Sutherland on Statutory Construction § 47.15, at 178 (5th ed. 1992). In this case, the punctuation supports the determination based on the doctrine of last antecedent that the qualifying words only apply to the reasonable progress ground. No reason appears to interpret the time period specified in that ground as applying to the completely separate reasonable efforts ground. Because the reasonableness of the efforts is gauged subjectively based on what is reasonable for that particular parent (*L.L.S.*, 218 Ill. App. 3d at 459, 577 N.E.2d at 1385, quoting *Allen*, 172 Ill. App. 3d at 956, 527 N.E.2d at 651-52), it is not unreasonable to place the burden to make reasonable efforts on the parent at some reasonable time less than 12 months following the adjudication of neglect, abuse, or dependency. Grounds for unfitness need not specify a period of time that must expire before the trial court can find unfitness. *In re B.R.*, 282 Ill. App. 3d 665, 670, 669 N.E.2d 347, 351 (1996) (failing to protect children from an environment injurious to their welfare); *In re M.M.*, 261 Ill. App. 3d 71, 72-73, 634 N.E.2d 36, 37-38 (1994) (failure to maintain a reasonable degree of interest, concern, or responsibility as to the child's welfare). Moreover, interpretation of this section to the effect that the time limitation does not apply to the reasonable efforts ground for unfitness is consistent with the legislature's recent efforts to expedite termination of parental rights under specified circumstances when parental efforts, though reasonable, have been inappropriate or unsuccessful. See 705 ILCS 405/1—2(1)(a) (West Supp. 1997); 705 ILCS 405/2—13.1 (West 1998) (as added by Pub. Act 90—608, § 30, eff. June 30, 1998 (1998 Ill. Legis. Serv. 1575, 1598)).

■ In this case, respondent mother never argues that the evidence regarding reasonable efforts was inadequate or that the 12-month period applied to the reasonable efforts standard. Because respondent mother has waived any argument concerning the finding of unfitness based on the separate ground of failure to make reasonable efforts (177 Ill. 2d R. 341(e)(7)), and because any one ground for unfitness is sufficient to support termination of parental rights (*In re J.P.*, 261 Ill. App. 3d 165, 174, 633 N.E.2d 27, 34 (1994)), we will not overturn the trial court's judgment. To avoid any confusion, we note that the record contains more than enough evidence to find respondent mother unfit for failure to make reasonable efforts to correct the conditions that were the basis for the child's removal from her.

We also note that, at the time the petition for termination of

parental rights was filed, a nine-month period was included in the statute, and the State complied with the statutory requirement. Although the trial court was concerned with the possible failure to give respondent mother admonitions, respondent mother never raised that concern as an issue in the trial court or in this court. In this court, without arguing that she was not properly admonished, respondent mother assumed the 12-month period applies and makes no effort to convince this court that the 9-month period in the amended statute does not apply to this case. However, for the reasons set forth herein, we need not further address the respondent mother's issue. The trial court's judgment, not its reasoning, is reviewed by this court. *Material Service Corp. v. Department of Revenue*, 98 Ill. 2d 382, 387, 457 N.E.2d 9, 12 (1983).

Respondent mother makes no argument that the trial court's second-stage finding, that termination of parental rights was in K.B.J.'s best interests, is against the manifest weight of the evidence.

The judgment of the circuit court of Adams County is affirmed.

Affirmed.

MYERSCOUGH, J., concurs.

JUSTICE COOK, specially concurring:

I concur in the decision to affirm. I disagree with the majority's assertion that the nine-month limitation in section 1(D)(m) of the Adoption Act applies to a parent's failure to make reasonable progress but not to a parent's failure to make reasonable efforts. Under the majority's analysis, no time limitation applies to reasonable efforts. On the one hand, the State might argue that failure to make reasonable efforts for one day constituted unfitness. On the other hand, a respondent could argue that he or she should be given additional time even though a failure to make reasonable efforts had continued for several years. I do not believe the legislature intended to leave this question up in the air.

The last antecedent rule should not be mechanically applied. See *People v. Bartlett*, 294 Ill. App. 3d 435, 440, 690 N.E.2d 154, 157 (1998). Other sections of the statute make it clear that the nine-month provision applies both to failure to make reasonable progress and failure to make reasonable efforts. See 705 ILCS 405/2—28(2)(B—1) (West 1998) (as amended by Pub. Act 90—608, § 30, eff. June 30, 1998 (1998 Ill. Legis. Serv. 1575, 1613)) (when court finds parent has not made reasonable efforts or reasonable progress court shall set a status hearing not earlier than nine months).