### James Lynam v. The People of the State of Illinois.

1. STATUTES—*Construction of—Sec. 53, Criminal Code.*—Section 53 of the criminal code, providing that any person who shall willfully unnecessarily expose to the inclemency of the weather, or shall in any other manner injure the health or limb of any child, apprentice, or other per-

son under his legal control, shall be fined, etc., was intended to enlarge the scope of the common law, and to make it a crime to expose a child of tender years to the inclemency of the weather regardless of consequences to its health.

2.   Same—*Exposure of Child—The Defense at Common Law.*—At common law the act of exposing a child to the inclemency of the weather must result in an injury to its health in order to constitute a crime.

**Indictment.**—Exposure of child.  Error to the Circuit Court of Will County; the Hon. Dorrance Dibell, Judge, presiding.  Heard in this court at the December term, 1895.  Affirmed.  Opinion filed June 1, 1896.

Meers & Downey, attorneys for plaintiff in error.

Edward C. Akin, State's Attorney, for defendant in error.

Cruelty toward weak and helpless persons takes place where a party, bound to provide for and protect them, either abuses them, by whipping them unnecessarily, or by neglecting to provide for them those necessaries which their helpless condition requires.   Exposing a person of tender years to the inclemency of the weather :   Rex v. Ridley, 2 Campb. 650. Keeping a child, unable to provide for himself, without adequate food :   Rex v. Friend, Russ. & Ryan, 20.   Or an overseer neglecting to provide food and medical care to a pauper having urgent and immediate occasion for them :  Rex v. Meredith, Russ. & Ryan, 45; Bouvier's L. Dict.; 4 Am. & Eng. Enc. of Law, 952.

Mr. Presiding Justice Lacey delivered the opinion of the Court.

The plaintiff in error was indicted under section 53, chapter 38, of the criminal code of the statute, under the head " Cruelty to Children and Others."   The section provides that " any person who shall willfully unnecessarily expose to the inclemency of the weather, or shall in any other manner injure the health or limb of any child, apprentice or other person under his legal control, shall be fined not exceeding $500, or imprisonment in the penitentiary not exceeding five years."

The indictment charges plaintiff in error with " unlawfully, unnecessarily and willfully exposing to the inclem-

ency of the weather, William Lemay, a child of tender years, to wit, eight years, then and there under the legal control of plaintiff in error."

Upon trial, the jury found plaintiff in error guilty, and the court assessed a fine against him of $100.

The main cause assigned for error by counsel for plaintiff in error, is that the indictment was insufficient, in not charging that the health or limb of the child was injured by reason of the exposure.

There is no complaint that the conviction was not sustained by the evidence, as charged in the indictment. The instructions given by the court for the people were not detrimental to the plaintiff in error.

The interpretation we give to the first clause of the section in question is, that it made it a crime to expose a child to the inclemency of the weather, without the exposure resulting in injury to his or her health.

The second clause of the act apparently assumes that the exposing of a child to the inclemency of the weather would injure its health; but the first clause does not of itself require, as a requisite of the crime, the health to be injured, and we do not think that it should be so interpreted on account of any reflex action of the subsequent clauses of the sentence. The statute was intended to enlarge the scope of the common law, and to make it a crime to expose a child of tender years to the inclemency of the weather, regardless of consequences to its health. At common law, such exposure must result in injury to health to constitute a crime. Rex v. Hogan, 5 Eng. Law & Eq. 553; Shannon v. People, 5 Mich. 72.

It was also by the statute intended to make it a crime to in any manner willfully do such acts as to injure the health of a child under one's legal contract. The legislature has since changed the wording of the section in question, so as to remove the ambiguity but not to change its legal meaning as we here interpret it.

The sentence and judgment of the court below is therefore affirmed.