THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN HOLMES, Defendant-Appellant.

(No. 11767;

Fourth District—September 10, 1973.

James R. Streicker, Assistant Appellate Defender, of Chicago, for appellant.

Basil G. Greanias, State's Attorney, of Decatur, (Lawrence R. Fichter, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On May 3, 1971, the grand jury returned an indictment charging the defendant-appellant John Holmes with the offense of cruelty to children (Ill. Rev. Stat. 1969, ch. 23, sec. 2368). Count II of the indictment charged aggravated battery committed upon the same child, Timothy Lee Holmes, his three-year-old stepson. The issues were tried to a jury, which returned verdicts of guilty on both counts of the indictment. The trial judge imposed identical sentences of 2 to 5 years on each conviction, the sentences to run concurrently.

The defendant first argues that the child abuse statute (Ill. Rev. Stat. 1969, ch. 23, sec. 2368) is constitutionally infirm in that it is "* * * violative of due process in that it is so vague and indefinite that it fails to provide adequate notice of the conduct it proscribes." We find it unnecessary to reach this question since, for reasons hereinafter set forth, we reverse defendant's conviction on this charge.

Defendant also urges that the trial judge erred in refusing an instruction which read:

"A step parent may exercise reasonable discipline over his stepchildren. He is held to the same standard as a natural parent."

This instruction was offered in connection with the charge under the child abuse statute, and in view of our disposition of that charge we decline to consider this assertion of error.

Defendant argues that the trial judge erred in restricting his voir dire examination of jurors as to "* * * whether they understood and would

apply * * *" the presumption of innocence. The portion of the record which gives rise to this contention is as follows:

"Q: You have two children?

A: Yes, sir.

Q: Have you ever whipped your children?

A: Once or twice when they needed it.

Q: As you sit there now do you believe that the defendant is innocent of the charges against him?

A: I could not tell you, sir. I have not heard the evidence.

Q: As you sit there now do you believe he is innocent?

MR. FICHTER: I will object, Your Honor, to the form of the question.

THE COURT: Sustained. I sustained the objection.

MR. EVANS: I'm sorry, Your Honor.

Q: Do you understand the rule of law that every person is innocent until they are proven guilty?

A: Yes.

Q: So do you believe that he is innocent now?

MR. FICHTER: I will object again, Your Honor.

THE COURT. Sustained. Mr. Evans. I don't want you to go into the law. I will go into that after the case is over and the evidence is over."

■■ In support of this argument defendant cites *People v. Lobb,* 17 Ill.2d 287, 161 N.E.2d 325, which held that "* * * a failure to permit pertinent inquiries to enable a party to ascertain whether the minds of jurors are free from bias or prejudice which would constitute a basis of challenge for cause, or which would enable him to exercise his right of peremptory challenge intelligently, may constitute reversible error." (17 Ill.2d 287, 300.) In affirming defendant's conviction in *Lobb,* the court also stated, "The only positive restriction in Rule 24—1 is that the jurors shall not be examined concerning matters of law * * *. [N]o reason is perceived for questioning them as to legal principles or precepts beyond ascertaining whether or not they are willing to accept and follow the instructions concerning the law of the case." (17 Ill.2d 287, 302.) Tested by these standards the court did not err in sustaining the objection above noted. Counsel had first endeavored to secure from the juror an opinion as to the guilt or innocence of the defendant (without referring to the presumption of innocence), to which inquiry the juror responded that he had no opinion, having heard no evidence. He then stated that he understood the presumption of innocence. Counsel then repeated his effort to secure an opinion from the juror who had previously stated that he had none. It was clearly not error to sustain the objection.

██ Defendant urges that the evidence here was insufficient to establish defendant's guilt beyond a reasonable doubt. We disagree. Briefly summarized the record discloses that the child was taken to the hospital where he was examined by Dr. Philip Sharkey, Dr. Walter Murfin and Dr. George Chiligiris. The child was in shock and in a moribund condition. There was a bruise on the left temple, the abdominal wall, and bruises on the calves of both legs; there were numerous contusions on the bowel wall. The defendant told Dr. Chiligiris that he had whipped the child, which accounted for the bruises on the legs. The doctor testified that he was told the child had fallen from a tree, but that the injury was out of proportion to the history obtained. Dr. Murfin performed surgery on the child and repaired a tear in the small bowel and several tears in the lining of the abdomen; peritonitis had set in. Dr. Murfin was told by defendant that the child had fallen from a porch. He testified that in his opinion the injury had to be the result of a blow by a blunt object and that the stated injury did not conform to this opinion. Dr. Sharkey also testified that the amount of injury was out of proportion to a fall. The child was not taken to the hospital until the day following the incident and was near death on arrival. There is ample evidence to sustain this conviction.

██ Lastly, defendant urges that the trial court erred in entering judgment and sentences on the two offenses since they arise from the same conduct. With this contention we agree. The acts which encompassed the violation of the child abuse statute clearly encompassed the proof upon which the conviction for aggravated battery was predicated, and only one sentence should have been imposed, and that for the greater offense of aggravated battery. (*People v. Schlenger*, 13 Ill.2d 63, 147 N.E.2d 316; *People v. Brown*, 52 Ill.2d 94, 285 N.E.2d 1; *People v. Ritchie*, 66 Ill.App.2d 302, 213 N.E.2d 651.) The People conceded this point during oral argument.

The sentencing provisions of the Unified Code of Corrections apply to cases pending on direct appeal. (*People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1; *People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269.) Aggravated battery is a Class 3 felony (Ill. Rev. Stat., 1972 Supp., ch. 38, sec. 12—4(d)), and it is provided in section 5—8—1(b)(4) of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, sec. 1005—8—1(b)(4)) that the maximum term for a Class 3 felony shall be any term in excess of one year and not exceeding 10 years and in section 5—8—1(c)(4) of the Code that the minimum term shall not exceed one third of the maximum sentence. The minimum term of the aggravated battery sentence is in excess of one third of the maximum sentence,

Defendant's conviction under the child abuse statute (Ill. Rev. Stat. 1969, ch. 23, sec. 2368) is reversed. The conviction of aggravated battery is affirmed, and the cause is remanded for resentencing on that charge in conformity with the Unified Code of Corrections.

Reversed in part, affirmed in part and remanded with directions.

CRAVEN, P. J., and TRAPP, J., concur.