*In re* TAMMY SUE HOLMES *et al.*, Minors.—(THE PEOPLE *ex rel.* BASIL G. GREANIAS, State's Attorney, Petitioner-Appellee, *v.* BARBARA HOLMES, Respondent-Appellant.)

(No. 12744;

Fourth District—May 8, 1975.

Moody, Venturelli & Diamond, of Decatur, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Thomas J. Yockey and Jerry Finney, Assistant State's Attorneys, of counsel), for appellee.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

On May 1, 1971, the State's attorney filed a petition alleging that Timothy Lee Pearson, also known as Timothy Lee Holmes, age 3, and Tammy Sue Holmes, age 3 months, were neglected children within the purview of section 2—4 of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 702—4). The court subsequently ordered the children placed in shelter care under supervision of the Illinois Department of Children and Family Services and entered a protective order against John Holmes, stepfather of Timothy and natural father of Tammy, ordering him to desist from being in the presence of either child until the further order

of the court. The State's attorney then filed a supplemental petition alleging that the children were neglected in that their environment was injurious to their welfare; that the parents were unfit persons due to the extreme and repeated cruelty visited upon Timothy by his stepfather John Holmes, and due to the failure of Barbara Holmes, mother of the children, to protect Timothy, and that both parents had failed to maintain a reasonable degree of interest, concern and responsibility as to Tammy's welfare. The petition requested that both children be made wards of the court, and that a guardian be appointed with power to consent to adoption. There was an adjudicatory hearing, and on April 23, 1974, the court entered its order finding both children to be neglected. Tammy was made a ward of the court and ordered to remain in foster placement; parental rights were not terminated. Timothy was also found to be a neglected child, he was made a ward of the court, and all parental rights of his mother, Barbara Holmes, and his stepfather, John Holmes, were terminated.

Barbara Holmes appeals. She does not contest the finding of neglect as to either child. The sole issue presented, as stated in her brief, is whether the decision of the trial judge to terminate her parental rights to her son Timothy is against the manifest weight of the evidence. It clearly was not, and we affirm.

The evidence upon which the trial judge based the contested order establishes two separate events, both involving physical abuse and cruelty inflicted upon Timothy by John Holmes. In *People v. Holmes*, 13 Ill.App.3d 955, 301 N.E.2d 316, we affirmed the conviction of John Holmes for the crime of aggravated battery committed upon the child Timothy. The details of that brutality are recited, with some restraint, in that opinion. The opinion remarks that Timothy was not taken to the hospital until the day following his injuries. What the opinion did not recite was the fact that neither parent sought medical attention for Timothy, and that he was taken to the hospital at the insistence of John Holmes' mother. The incident which gave rise to Holmes' conviction occurred in Decatur, Illinois, in March of 1971. The other incident referred to in the testimony at the adjudicatory hearing occurred in September of 1970. Without reciting the evidence in its entirety, it appears that a security guard in a department store in Rockford, Illinois, observed Timothy, who was with his mother and John Holmes. The child's eyes were black and blue, his thighs were bruised, there were black and blue marks on his legs and on his back. Holmes first told the officers the boy had fallen. Later he stated that he had whipped the boy because he had told him to take a bath and the boy had said "no." Mrs. Holmes said she had been present when the whipping occurred. The child was

taken to a local hospital, and a detective for the Rockford police department took pictures of the boy which were introduced as petitioner's exhibits 1 through 7. The detective visually observed a wound caused by a sharp object. Dr. George Green telephoned the Illinois Department of Children and Family Services in Rockford in accordance with the reporting procedures under "An Act for the reporting of certain cases of physical abuse, neglect or injury to children" (Ill. Rev. Stat. 1971, ch. 23, pars. 2042, 2043). Holmes related to a social worker for the Department that he had beaten or whipped the child with a belt. There were the usual explanations by both parents relating to the injuries to the effect that the child had fallen from a rocking horse, that he had fallen from a porch, etc.

Defendant here contends that she has not been guilty of acts which have been held to constitute unfitness as in the case of *In re Garmon* 4 Ill.App.3d 391, 280 N.E.2d 19, which dealt with sanitary neglect, neglect as to food and such matters. Defendant also argues that she was guilty of no overt acts which were detrimental to Timothy.

She also argues that she told Holmes, following the Rockford incident, not to use the belt on Timothy anymore, and that he agreed. She also testified that on the March 23rd incident when Holmes again used a belt on the child (she described it as a "paddling") she heard a swat, a couple of swats or maybe more, but that Timothy told her it didn't hurt. As a result of this "paddling" Holmes was convicted of aggravated battery, which conviction was affirmed as above noted.

Section 2—4 of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 702—4), in pertinent part, defined a neglected child as one who is neglected as to medical or other care necessary for his well being or whose environment is injurious to his welfare.

■■ Appellant's contention that she personally committed no act of violence toward Timothy is, in our view, totally beside the point. It cannot be convincingly contended that a parent has no obligation to protect a child from harm. This obligation is both a moral one, and one statutorily noticed. Sections 4 and 5 of "An Act to prevent and punish wrongs to children" (Ill. Rev. Stat. 1971, ch. 23, pars. 2354, 2355) provide that any person having the care or custody of any child who wilfully causes *or permits* the life of such child to be endangered or the health of the child to be injured, or wilfully causes *or permits* the child to be placed in a situation that its life or health may be endangered is guilty of a criminal offense punishable, at the maximum, by imprisonment in the penitentiary for a term not less than 1 year nor more than 5 years in addition to a fine.

The evidence in this case clearly establishes that appellant was aware of the physical cruelty inflicted on Timothy by John Holmes. Despite her testimony, which was generally favorable to Holmes, which spoke in terms of swats, paddling and falls from a rocking horse or a porch, no other inference can reasonably be drawn. We also note the failure to secure medical assistance for the child.

■■ It is not our function to interfere with the judgment of the trial court unless that court's findings and order are contrary to the manifest weight of the evidence. (*In the Interest of Garmon,* 4 Ill.App.3d 391, 395, 280 N.E.2d 19.) The judgment is accordingly affirmed.

Judgment affirmed.

CRAVEN and GREEN, JJ., concur.