THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LINDA J. SMITH, Defendant-Appellant.

Fourth District   No. 14752

Opinion filed May 26, 1978.

Carpel & Bourey, of Decatur, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (Frances C. Hulin, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:
After trial by jury in the circuit court of Macon County, defendant Linda J. Smith was convicted of the offense of cruelty to children (Ill.

Rev. Stat. 1975, ch. 23, par. 2368) and sentenced to 2 years probation. She has preserved for review her contention that the information failed to properly charge her with the offense with which she was convicted. On appeal this is her sole claim of error.

The offense of cruelty to children is defined by statute as follows:

"Any person who shall wilfully and unnecessarily expose to the inclemency of the weather, or shall in any other manner injure in health or limb, any child, apprentice or other person under his legal control, shall be guilty of a Class 4 felony." Ill. Rev. Stat. 1975, ch. 23, par. 2368.

The charge alleged that defendant:

" * * * committed the offense of CRUELTY TO CHILDREN, * * * in that [Defendant] * * * wilfully did injure the health of a child under the legal control of [Defendant] * * *."

Defendant contends and the State does not dispute that a charge must set forth the nature and elements of an offense and that where the offense is without common law derivation, the charge should describe the offense as fully as the statute defining it. At issue here is the question of whether the State was required to allege that the injury to the child was inflicted "unnecessarily."

■■ The State maintains that the adverb "unnecessarily," as used in the statute, modified only the verb "expose" while the defendant argues that it modifies both the verbs "expose" and "injure." In the context of the statute the adverbs "unnecessarily" and "wilfully" obviously modify the same word or words. The word "shall" is used twice in the sentence defining the offense. The first time it precedes "wilfully and unnecessarily expose" while the second time it precedes "in any other manner injure." Significantly "wilfully and unnecessarily" are not also repeated the second time. This sequence of words indicates that the adverbs were intended to modify only "expose." The decision in *Lynam v. People* (1896), 65 Ill. App. 687, construing a substantially similar statute, gives further weight to this construction. There the court ruled that the offense of cruelty to children is of two types, exposing and injuring, and that injury is not a necessary element of exposing.

Defendant maintains that the State's interpretation makes the statute one of absolute liability without requiring a mental state and is so vague as to be unconstitutional. She further contends that her interpretation is technically correct and that this court so indicated in *People v. Holmes* (1973), 13 Ill. App. 3d 955, 301 N.E.2d 316.

Defendant's contentions must be examined in the light of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 1 *et seq.*). Section 4—9 of that Code limits absolute liability offenses to those where "the statute defining the offense clearly indicates a legislative purpose to impose

absolute liability" and those not punishable by incarceration or a fine in excess of $500. The statute creating the offense of cruelty to children does not clearly indicate a legislative purpose of imposing absolute liability and the offense is stated to be a Class 4 felony. Under the State's interpretation, no mental state is expressed for the offense concerning the injuring of a child but that omission is cured by section 4—3(b) of the Code. That section states in part:

> "If the statute does not prescribe a particular mental state applicable to an element of an offense (other than an offense which involves absolute liability), any mental state defined in Sections 4—4, 4—5 or 4—6 is applicable." (Ill. Rev. Stat. 1975, ch. 38, par. 4—3(b).)

Those sections describe the mental states of intent, knowledge and recklessness. Section 4—3(a) states that one of those mental states or negligence, as described in section 4—7, is an element of every offense which is not an absolute liability offense. Section 4—5(b) states in part:

> "Conduct performed knowingly or with knowledge is performed wilfully, within the meaning of a statute using the latter term, unless the statute clearly requires another meaning." Ill. Rev. Stat. 1975, ch. 38, par. 4—5(b).

■■■ Thus the Criminal Code makes the offense of cruelty to children by means of injury a viable and definitely stated offense even if the adverb "wilfully" does not modify the verb "injure." By the terms of section 4—3(b), when no mental state is set forth in the statute defining the offense, the mental state of either intent, knowledge or recklessness is applicable. Here the State elected to charge wilfulness which, by the terms of section 4—5(b), is a proper way of alleging knowledge.

■■ Similarly the Criminal Code makes cruelty by way of injury a viable offense even if the adverb "unnecessarily" does not modify the verb "injure." Section 7—13 of the Code makes necessity an affirmative defense. Thus, one who injures children by reason of necessity is not guilty of cruelty to children. The only practical difference between the State's interpretation and that of the defendant is that under the State's interpretation, the defendant has to introduce some evidence of necessity to raise the issue. Because requiring the State to go forward with proof of the defendant's lack of necessity would require the State to go forward with proof of a negative, an interpretation of the statute making necessity an affirmative defense is consistent with good criminal procedure.

We have indicated that we conclude that a technical interpretation of the statute favors the construction given thereto by the State. In *Holmes*, 13 Ill. App. 3d 955, 301 N.E.2d 316, a case involving a prosecution for cruelty to children by injuring them, this court did state that the State had sustained its burden of proof by showing that "the defendant wilfully and

unnecessarily injured a child under his control" but lack of necessity was there charged and the question of whether its allegation was required was not in issue. Our decision in *Holmes* adds little weight to defendant's contention.

■■ We conclude, both from a technical interpretation of the statute defining the offense and from an examination of the overall theory of the Criminal Code that lack of necessity was not a required allegation of the charge in this case. We affirm.

Affirmed.

MILLS and REARDON, JJ., concur.