THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DARLENE VIRGIN, Defendant-Appellant.

Third District  No. 77-138

Opinion filed June 22, 1978.

Robert Agostinelli and Susan Solovy, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (James E. Hinterlong and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Darlene Virgin appeals from convictions of battery and of cruelty to a child which were entered in the Circuit Court of Kankakee County following a bench trial. Defendant Virgin was sentenced to a term of from 1 to 3 years imprisonment on the basis of the conviction for cruelty to a child.

On appeal in this Court, defendant contends that (1) the child abuse statute (Ill. Rev. Stat. 1977, ch. 23, par. 2368) is unconstitutionally vague and does not give proper notice of what conduct is proscribed; (2) the State did not prove beyond a reasonable doubt that defendant was guilty of cruelty to a child; (3) the State did not prove defendant guilty beyond a reasonable doubt of the charge of battery; and (4) the convictions of defendant for battery and cruelty to a child are based upon the same physical acts and, therefore, the battery conviction should be vacated.

The record indicates that defendant Darlene Virgin was charged by

information with offenses of cruelty to a child in violation of section 53 of Division I of the Criminal Code of 1874 (Ill. Rev. Stat. 1977, ch. 23, par. 2368), and with the offense of battery in violation of section 12—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 12—3). The mother of defendant, called as a State's witness at the trial, testified that on April 9, 1976, the mother learned that defendant had "whipped" her three-year-old son, Taronse, and that defendant's mother then had the children of defendant, Taronse and Anthony, brought to her home. After the child, Taronse, was brought to the defendant's mother's home, he was observed to have welts and bruises on his back, chest and face. Police were called to the mother's home and, at the suggestion of the police, Taronse was sent to a hospital. The police officer then went to defendant's apartment and were informed by defendant that she had spanked Taronse with a switch from a tree.

It is not contradicted that Taronse, as a result of the whipping, received numerous bruises and raised welts on his chest, back, left cheek, neck and legs, as well as a swollen upper lip. The testimony from Dr. Michael, who examined Taronse at the hospital on April 9, 1976, indicated that at the time of that examination, the child was neither bleeding nor crying and that in the doctor's opinion, no permanent scars would remain from the incident. Dr. Ryan, a pediatrician who examined Taronse about one month after the incident, testified at that time he observed some scars remaining on Taronse's trunk and extremities and that, in his opinion, the vast majority of the scars would heal, although some might be permanent. Dr. Ryan testified that he would characterize the infliction of the scars such as found on Taronse as child abuse.

The defense presented no evidence. Following presentation of the evidence, the trial court found defendant guilty of both cruelty to a child and of battery. The trial court subsequently sentenced defendant on the conviction of cruelty to a child to a term of from 1 to 3 years imprisonment. Defendant was not sentenced on the battery conviction.

Defendant first argues, on appeal, that the conviction for cruelty to a child should be' reversed because the statute defining the offense is unconstitutionally vague and does not give proper notice of what conduct is proscribed. The language of the statute under consideration (Ill. Rev. Stat. 1977, ch. 23, par. 2368) provides:

> "Any person who shall wilfully and unnecessarily expose to the inclemency of the weather, or shall in any other manner injure in health or limb, any child, apprentice or other person under his legal control, shall be guilty of a Class 4 felony."

Defendant specifically contends that the phrase "injure in health or limb" is vague and overbroad.

■■■ In considering the issue of the alleged vagueness of the statute in proscribing conduct, we must give specific consideration to the facts and injuries inflicted in the instant case. (See *People v. Vandiver* (1971), 51 Ill. 2d 525, 528, 283 N.E.2d 681.) In the instant case, we are presented with a situation where defendant, as shown by uncontradicted testimony, struck her child with a switch which resulted in numerous bruises and welts on the child's chest, back, left cheek and legs, and a swollen upper lip. As stated by the Illinois Supreme Court in *People v. Vandiver* (1971), 51 Ill. 2d 525, 529-30, 283 N.E.2d 681:

> "We need not be concerned with the hypothetical situations posed by the defendant or the many other situations which may present questions as to the applicability of the statute. These borderline facts are not involved in this case. This court will consider the validity of a statutory provision only at the instance of one who is directly involved thereby unless the unconstitutional feature is so pervasive as to render the entire act invalid. [Citation.] The hypothetical situations do not involve this defendant nor this case and the validity of the statute in light of the same will therefore not be considered.
>
> A criminal statute which fails to give adequate notice as to what action or conduct will subject one to criminal penalties is an unconstitutional deprivation of due process of law. [Citation.] However the fact that there may be borderline cases wherein a degree of uncertainty exists as to the applicability of a statute does not render the statute unconstitutional as to conduct about which no uncertainty exists. [Citations.] This case involves the inflicting of physical injury upon a 3-year-old child, conduct clearly within the proscription of the statute. [Ill. Rev. Stat. 1977, ch. 23, par. 2354.] We will not therefore conjecture as to the statute's application to situations less clear."

■■ As we view the facts in the instant case, defendant inflicted extensive physical injuries upon her child by striking the child with a wooden switch. We conclude that such conduct was clearly proscribed by the statute and we, likewise, will not consider the statute's application to other borderline circumstances which may be advanced theoretically.

Defendant has also argued that the statute does not expressly define a state-of-mind element for the offense. The Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 4—3(b)) provides that where a statute does not supply a state-of-mind element, the mental elements of intent, knowledge and recklessness are then applicable. As noted, the requirement of one of the mental states of intent, knowledge or recklessness, further defines the offense involved in the instant case, and

operates to avoid uncertainty which might otherwise render a statute impermissively vague. See *People v. Smith* (4th Dist. 1978), 60 Ill. App. 3d 403, 376 N.E.2d 787, for analysis of section 4—3(b) referred to.

Defendant next argues that she was not proven guilty beyond a reasonable doubt of the offenses of cruelty to a child or battery. (*People v. Bunch* (1st Dist. 1976), 36 Ill. App. 3d 235, 238, 343 N.E.2d 575.) The evidence in the instant case clearly established that Taronse suffered extensive physical injury in the form of bruises and welts over much of his body. It was not contradicted that defendant inflicted those injuries with a wooden switch. Defendant urges that the State bore the burden of proving, for a battery conviction, that bodily harm was inflicted without legal justification. (Ill. Rev. Stat. 1977, ch. 38, par. 12—3.) As stated in *People v. Ball* (1974), 58 Ill. 2d 36, 317 N.E.2d 54:

> "This court recognized in *Fletcher v. People* (1869), 52 Ill. 395, 397, that a parent's disciplinary authority over his children 'must be exercised within the bounds of reason and humanity.' Subsequent appellate court decisions have reiterated the view that parental rights of discipline are limited by a standard of reasonableness."

Upon our review of the evidence in the instant case, we conclude that the infliction of injury to the child to the extent involved in the instant case was unreasonable and that there was sufficient evidence presented to allow the trial court to find defendant guilty beyond a reasonable doubt and without legal justification.

■■ A final argument is made by defendant that her conviction of battery should be vacated for the reason that it arose from the same physical acts as the conviction for cruelty to a child. The defendant was convicted of both crimes and was sentenced only on the conviction of cruelty to a child. It is apparent from the record that both the battery and the cruelty to a child convictions arose from defendant's act in striking Taronse with a switch. Applying the standard of *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, we conclude that under the circumstances presented in this cause, battery is a lesser included offense of the crime of cruelty to a child and that, therefore, the conviction for battery cannot stand. Defendant's conviction for battery is, therefore, vacated. Since defendant was not sentenced on the battery conviction, we conclude that it is not necessary to remand for resentencing on the cruelty-to-a-child conviction.

The judgment of conviction and the sentence imposed thereon for the offense of cruelty to a child is affirmed and the judgment of conviction for the crime of battery is vacated.

Conviction and sentence affirmed as to one charge and judgment and conviction vacated as to remaining charge.

BARRY, P. J., and SCOTT, J., concur.