*In re* ANDREA SMITH, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* MARTIN SMITH *et al.*, Respondents-Appellants.)

Fourth District    No. 16451

Opinion filed April 23, 1981.

Frederic M. Grosser and Keith Hays, both of Grosser & Hays, of Champaign, for appellants.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Debra A. Buchman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

The parents appeal from an order of the trial court terminating parental rights. In May 1978, a petition alleged that the child's environment was injurious to her welfare and prayed that she be declared to be a ward of the court as a neglected child. At an adjudication hearing neglect was found, including a finding of parental physical abuse. At the subsequent dispositional hearing, the Department of Children and Family Services was appointed her guardian, and the child was removed from the custody of her parents.

The court also found it to be in the best interests of the child for the parents to take steps within a period not to exceed 12 months to correct their family problems in the following aspects (1) obtaining and following competent psychiatric or psychological counseling; (2) to demonstrate an awareness of the marital problem in the home which led to the physical abuse of the child; (3) to cooperate with the Department of Children and Family Services in eliminating the problems in the home; (4) to visit with the child but to cease conduct which caused troubled and chaotic visitation, such visitation to be made in the proximity of law enforcement officers.

An appeal from such orders was dismissed as untimely.

In February 1980, a supplemental petition alleged that the parents had been previously found to be unfit, that they had failed to make reasonable efforts to correct the injurious conditions which required the appointment of the child's guardian, and that they failed to make reasonable efforts or progress to obtain the return of the child's custody within 12 months. The petition prayed for the termination of parental rights. Section 1 of "An Act in relation to adoption of persons" (Ill. Rev. Stat. 1979, ch. 40, par. 1501D) provides that such allegations when proven shall support a finding that a parent is an unfit person for purposes of terminating parental rights.

Upon motion of the People and without objection, the trial judge took judicial notice of the prior proceedings and orders. Following a hearing of evidence, the trial court found that the evidence clearly and convincingly established that the parents had made no reasonable effort to improve the conditions in the home and that it was "overwhelmingly"

in the best interests of the child that the guardianship be made permanent with authority to consent to adoption.

It is first argued that the petition alleging neglect failed to allege that the parents were unfit and that the trial court could not properly find that there was a want of parental fitness. In the proceedings under the supplemental petition, it is argued that in the neglect petition, the parents had no knowledge that parental fitness was to be an issue.

In section 4—1 of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 704—1(2)), subparagraph (2) provides that a petition shall allege that the minor is neglected within section 2—1 of the Act. (Par. 702—1.) The remaining allegations required by the statute are essentially housekeeping matters. Subparagraph (3) provides:

"The petition must allege that it is in the best interests of the minor and of the public that he be adjudged a ward of the court and may pray generally for relief available under this Act. The petition need not specify any proposed disposition following adjudication of wardship."

Section 4—8(2) of the Act (Ill. Rev. Stat. 1977, ch. 37, par. 704—8(2)) directs that if the court finds that a child is neglected:

"[T]he court shall then find whether such neglect or dependency is the result of physical abuse to the minor inflicted by a parent * * * and such finding shall appear in the order of the court."

The statutory theme is enlarged in that section 5—2(c) of the Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—2(c)) provides that if a minor is found to be neglected and there is further finding that such neglect is the result of physical abuse:

"[C]ustody of the minor shall not be restored to any parent * * * found by the court to have inflicted physical abuse on the minor until such time as a hearing is held on the issue of the fitness of such parent * * * to care for the minor."

Again, section 5—8(3) of the Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—8(3)) further enlarges the theme and reiterates that in those instances where there is an adjudication of neglect with a finding of physical abuse inflicted by the parents, custody shall not be restored to any parent until investigation has been made and a hearing held on the issue of the fitness of the parents to care for the minor and the court enters an order determining the parents fit.

■■ It is apparent that the finding of physical abuse in the order adjudicating neglect was required under operation of the several statutes where the evidence discloses parental physical abuse. It is apparent, however, that the statutory requirements in the petition to adjudicate the child neglected do not require allegations concerning the issue of parental fitness.

■■ Here, the issue of parental fitness was directly raised in the supplemental petition, and it cannot be said that the parents were not advised of the issue in the proceeding. The parents cite *In re Rauch* (1977), 45 Ill. App. 3d 784, 359 N.E.2d 894, in support of the argument as to insufficient allegation of the issue of fitness. We find that in *Rauch* a child was adjudicated neglected and made a ward of the court, but there was no evidence or finding of physical abuse. A subsequent supplemental petition for adoption failed to contain allegations of parental unfitness and of supporting factual allegations on that issue. In such frame of pleading, the court stated that the parent was entitled to have the hearing adjudicating parental rights "focus on their unfitness to be parents, as well as on what was in the best interest of their children. This could not be done under the petition submitted." 45 Ill. App. 3d 784, 788-89, 359 N.E.2d 894, 897.

In this case, however, the supplemental petition to terminate parental rights did clearly focus on the fitness of parents.

■■ It is argued that the trial court erred in matters of admitting evidence. The parties, however, in effect stipulated that at the hearing on the supplemental petition the trial court should take judicial notice of the prior proceedings and orders entered by the court upon the adjudication and disposition of the neglect petition. Contrary to the argument made, the opinion of *In re Adoption of Burton* (1976), 43 Ill. App. 3d 294, 356 N.E.2d 1279, does not determine that such evidence is inadmissible. The judgment in *Burton* was reversed upon review because of the exclusion of certain mitigating hearsay tendered by the mother, and the admission of irrelevant evidence tendered by the petitioners for adoption. The record of the initial proceedings is essential in the determination of the progress and effort made by the parents as to matters of rehabilitation prescribed in the court's order. (*In re Austin* (1978), 61 Ill. App. 3d 344, 378 N.E.2d 538; *In re Edmonds* (1980), 85 Ill. App. 3d 229, 406 N.E.2d 231.) We find objections to the evidentiary basis for the adjudication of parental unfitness to be without merit. Again, examination of the record discloses that such evidence as was objected to as hearsay at the hearing was properly admissible as an admission of the parties.

The record shows that the trial court found the evidence upon the grounds of unfitness to be not only clear and convincing, but overwhelming as to the best interests of the child. The argument that there was no showing of continuing physical abuse has a simple answer in that the parents did not have custody and the visitation rights of the father were restricted because of his unruliness at such visitations, including an assault upon an assistant State's Attorney.

■■ Counsel diligently argues that the parents participated in some counseling and contends that they have made some effort and some

progress in improving the conditions and environment. The sum of the evidence, however, supports the conclusion of the trial court that the parents essentially rejected the necessity for the rehabilitation of the home life, and that they had not learned to restrain their volatile and violent conduct with regard to the child. The reasons given for incomplete compliance with the order were unpersuasive if not frivolous.

██ The statute has been construed to mean that reasonable progress and reasonable effort to improve the conditions must be examined in the light of the best interests of the child. Such best interests in turn are considered in the light of an objective that the child shall not indefinitely remain in temporary custodial surroundings but should be placed in circumstances providing a stable and permanent home. (*In re Austin; In re Edmonds.*) The fact that the legislature has reduced the statutory period for rehabilitation through parental effort and progress from 2 years to 12 months is interpreted to mean that the legislature believes that the supervised effort and parental progress shall not continue indefinitely. (*Austin; Edmonds.*) In the light of this record, the judgment of the trial court is affirmed.

Affirmed.

CRAVEN and WEBBER, JJ., concur.