THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DENNIS MILLER, Defendant-Appellant.

Second District   No. 82—80

Opinion filed August 9, 1983.

Thomas W. Gooch, III, of Thomas L. Ruth, Jr., & Associates, of Barrington, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and Cheri A. Novak, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant was charged in Lake County by amended information with three counts of aggravated battery to a child (Ill. Rev. Stat. 1981, ch. 38, par. 12—4.3) and one count of cruelty to children and others. (Ill. Rev. Stat. 1981, ch. 23, par. 2368.) The jury was in-

structed on those two offenses, as well as the offenses of endangering life or health and reckless conduct. (Ill. Rev. Stat. 1981, ch. 23, par. 2354; ch. 38, par. 12—5.) It found the defendant not guilty of aggravated battery and endangering life or health, and guilty of cruelty to children and reckless conduct. After argument on defendant's posttrial motion, the trial court vacated its judgment entered on reckless conduct, and sentenced the defendant to the Department of Corrections for two years on the cruelty-to-children-conviction.

Defendant appeals, raising these issues: (1) whether the mental state required to be proved in order to convict a defendant of the offense of cruelty to children and others is wilfulness; (2) whether the classification and punishment provisions of the offense of cruelty to children and other deny equal protection; (3) whether the court abused its discretion in imposing a sentence of imprisonment.

Our resolution of the first issue compels us to reverse the cause without remand and makes consideration of the other two issues unnecessary. A detailed recitation of the facts is likewise unnecessary. It will suffice to say that the charges against defendant were brought after the defendant's stepson, 2½-year-old Michael Masterson, suffered permanent and extensive injuries from burns which occurred while he was being bathed by the defendant.

Count III of the information in the case at bar charged the defendant "committed the offense of CRUELTY TO CHILDREN in violation of Illinois Revised Statute Chapter 23, Section 2368 in that the said defendant, the stepfather of Michael Masterson, a child under the age of 17 years and under the legal control of Dennis C. Miller, recklessly injured the health or limb of Michael Masterson, in that he, Dennis C. Miller, placed Michael Masterson in a hot tub of water causing severe burns to approximately 50% of Michael Masterson's body ***."

The defendant tendered instructions at trial which would have required the jury find he acted wilfully in causing injury to his stepson. The court refused those instructions, accepting instead the State's instructions which required it prove the defendant acted only recklessly. Illinois Pattern Jury Instructions (IPI), Criminal, Nos. 11.23, 11.24 (2d ed. 1981).

In count I of a timely post-trial motion to quash the judgment on the verdict, the defendant alleged both the information charging him with cruelty to children and the jury instructions regarding that offense were erroneous in that they failed to set forth the correct mental state of wilfulness. The court denied the motion, and the defendant timely appealed.

During trial, after trial, and in this appeal defendant has consistently contended that the mental state which must be proved in order to sustain a conviction for cruelty to children is wilfulness, not recklessness.

Section 53 of "An Act to revise the law in relation to criminal jurisprudence" (Ill. Rev. Stat. 1981, ch. 23, par. 2368) provides:

"Any person who shall wilfully and unnecessarily expose to the inclemency of the weather, or shall in any other manner injure in health or limb, any child, apprentice or other person under his legal control, shall be guilty of a Class 4 felony."

The defendant acknowledges that the court in *People v. Smith* (1978), 60 Ill. App. 3d 403, construed that the words "wilfully and unnecessarily" as used in the statute modify only the verb "expose," and that the conduct under the remainder of the statute relating to injury to the person in any other manner may be performed with any of the mental states of intent, knowledge, or recklessness. Ill. Rev. Stat. 1981, ch. 38, pars. 4—3(b), 4—4, 4—5, 4—6; see also *People v. Virgin* (1978), 60 Ill. App. 3d 964, 967.

Defendant argues, however, the phrase "in any other manner" should be construed to indicate the means by which the child was injured, rather than the mental state of the offender. He argues that this court's decision in *People v. Herr* (1980), 87 Ill. App. 3d 819, impliedly supports his position that wilfulness is the mental state required under the statute.

The State points out that section 4—3(b) of the Criminal Code of 1961 provides that when a statute does not include a state-of-mind element, any of the mental states of intent, knowledge or recklessness as defined by the code is applicable. (Ill. Rev. Stat. 1981, ch. 38, pars. 4—3(b), 4—4, 4—5 and 4—6.) Therefore, the State argues, a correct state of mind (recklessness) was alleged and proved at trial, and the jury was properly instructed.

The State points out that even if the phrase "in any other manner" is construed as referring to the means by which the person is injured, no *mens rea* is thereby supplied and the provisions of section 4—3(b) would still be applicable.

The State refutes defendant's contention that *People v. Herr* (1980), 87 Ill. App. 3d 819, supports his argument that wilfulness is the proper mental state. It points out that the defendant there had challenged her convictions on the basis of comments made by the judge that he had found her guilty of aggravated battery and cruelty to children because "she should have realized the natural and proba-

ble consequences of her act. ***" (87 Ill. App. 3d 819, 821.) Such comments describe a mental state of negligence, which is not a *mens rea* permitted to be supplied by section 4—3(b). Despite the trial court's comments, this court determined the evidence there sustained the defendant's conviction for aggravated battery because it showed she "knowingly" caused her son great bodily harm. The court then observed that the same evidence of knowledge was sufficient to establish beyond a reasonable doubt that she 'wilfully" injured her son and was, therefore, guilty of cruelty to children. The State argues that the court's finding of wilfulness in that instance does not preclude convictions based on the other mental states permitted by section 4—3(b), intent and recklessness.

■ We agree with the defendant that the mental state of wilfulness must be proved before there may be a conviction of cruelty to children and others. In reaching that agreement, we necessarily reject the *dicta* in *People v. Smith* (1978), 60 Ill. App. 3d 403, which is the basis of the State's argument here. *Smith* is also the authority cited for the definitional and issues instructions in the Illinois Pattern Jury Instructions for the offense of cruelty to children, which were the instructions given at trial over defendant's objections. IPI Criminal Nos. 11.23, 11.24 (2d ed. 1981).

This issue has not previously been decided. The issue in *Smith* was whether the information which charged the defendant "wilfully did injure the health of a child" was sufficient in the absence of the allegation that the injury was inflicted "unnecessarily." The court there determined the information was sufficient without that allegation, because it was "consistent with good criminal procedure" to interpret the statute in a way which makes necessity an affirmative defense to be raised by the defendant, rather than having the State go forward with proof of a negative. (*People v. Smith* (1978), 60 Ill. App. 3d 403, 404-05.) In *dicta*, however, the *Smith* court determined that the sequence of the words in the statute indicated that the adverbs "wilfully" and "unnecessarily" were intended to modify only the word "expose." In support of that construction, the *Smith* court cited *Lynam v. People* (1895), 65 Ill. App. 687.

Indeed, *Lynam* appears to be the first case to have construed section 53 of "An Act to revise the law in relation to criminal jurisprudence." (Ill. Rev. Stat. 1874, ch. 38, par. 53, now codified as Ill. Rev. Stat. 1981, ch. 23, par. 2368.) Substantively identical to the statute at issue, the defendant in *Lynam* was charged under the statute which provided:

" '[A]ny person who shall willfully unnecessarily expose to

the inclemency of the weather, or shall in any other manner injure the health or limb of any child, apprentice or other person under his legal control, shall be fined not exceeding $500, or imprisonment in the penitentiary not exceeding five years.' " *Lynam v. People* (1896), 65 Ill. App. 687, 688.

In our opinion, *Lynam* warrants an interpretation contrary to that placed on the statute in *Smith*. The defendant in *Lynam* challenged the sufficiency of the indictment because it did not charge that the child was injured by reason of the exposure. The court construed the statute's first clause as making it a crime to expose a child to the inclemency of the weather, *regardless* of the consequences to its health. The court acknowledged that the reflex action of the second clause appeared to assume that the exposure would injure the child. However, it observed the intent of the statute was to enlarge the scope of the common law which required injury before exposure was considered criminal. Therefore, under the statute, exposure even without injury was criminal.

Significant to our consideration here, the *Lynam* court observed:

"It was also by the statute intended to make it a crime to in any manner *willfully* do such acts as to injure the health of a child under one's legal contract. The legislature has since changed the wording of the section in question, so as to remove the ambiguity but not to change its legal meaning as we here interpret it." (Emphasis added.) *Lynam v. People* (1896), 65 Ill. App. 687, 689.

We conclude *Smith* was incorrect in finding that the adverbial phrase "wilfully and unnecessarily" modifies only "expose." Under *Lynam's* interpretation of the intent of the statute, the clauses must be viewed as having been separated by commas, not to indicate an alternate *mens rea* for conduct causing injury but, rather, to emphasize that the statute changed the common law requirement that injury need occur before the predicate act of exposure was considered criminal conduct.

Thus, contrary to *Smith's* interpretation, *Lynam* does not support the conclusion reached in *Smith* that the failure of the drafters to repeat "wilfully and unnecessarily" after the word "shall" in the second clause signified a different, perhaps less culpable, *mens rea* would support a conviction for injury inflicted by means other than exposure.

■ The Committee Comments describe section 4—3(b) as "offer-[ing] a general rule of interpretation of statutory references to mental state in defining specific offenses." (Ill. Ann. Stat., ch. 38, par. 4—

3(b), Committee Comments, at 261 (Smith-Hurd 1972).) The cruelty to children and others statute was enacted in 1874; save for revisions in the penalty provisions, the statute is the same today. *Lynam* was decided in 1896. Although *dicta* in that case, we believe *Lynam's* express pronouncement that "[i]t was also by the statute intended to make it a crime to in any manner willfully do such acts as to injure the health of a child under one's legal contract" obviates the need to resort to the general rule of section 4—3(b) for an implied mental state. We conclude it was intended by the cruelty statute to proscribe all conduct therein committed with the mental state of wilfulness, and that proof of the mental state of recklessness will not support a conviction thereunder.

█ Because the defendant raised the issue in a timely post-trial motion in arrest of judgment, the sufficiency of the information must be reviewed under the stringent standards of section 111—3 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1981, ch. 38, par. 111—3; *People v. Lutz* (1978), 73 Ill. 2d 204, 209-10; *People v. Simmons* (1982), 93 Ill. 2d 94, 99; *People v. Villareal* (1983), 114 Ill. App. 3d 389, 394-95; *People v. Smith* (1983), 112 Ill. App. 3d 1033.) That section requires that the charge must be in writing, state the name of the offense, the statutory provisions alleged to have been violated, and the nature and elements of the offense charged. Compliance with these requirements is mandatory, not directory. *People v. Easter* (1981), 102 Ill. App. 3d 974, 977-78.

█ We note Justice Mills' dissent in *People v. Smith* in which he states the supreme court has not yet shut the door on the question of what standard is applicable when the sufficiency of an information is raised for the first time by a motion in arrest of judgment. (*People v. Smith* (1983), 112 Ill. App. 3d 1033, 1038 (Mills, J., dissenting).) His reference was to the supreme court's decision in *People v. Hall* (1982), 96 Ill. 2d 315, wherein the court found its disposition of the case made it "unnecessary to consider whether the literal requirement of section 111—3 of the Code of Criminal Procedure of 1963 ('[a] charge shall [set forth] the nature and elements of the offense charged' (Ill. Rev. Stat. 1977, ch. 38, par. 111—3)) or a lesser 'actual prejudice' standard should apply in assessing this challenge to the sufficiency of an information, raised for the first time by a motion in arrest of judgment. [Citations.]" (*People v. Hall* (1982), 96 Ill. 2d 315, 324.) The "actual prejudice" standard referred to is applicable when the sufficiency of the information is raised for the first time on appeal. That is, the failure to allege an element of the offense in a complaint does not *per se* render it void, and when attacked for the first

time on appeal, a complaint is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. (*People v. Pujoue* (1975), 61 Ill. 2d 335, 339.) The appellate court's decision in *Hall*, however, although recognizing these different standards, did not question which standard was applicable in the case before it. It found that since the defendant had raised the issue by written motion for a new trial and in arrest of judgment, "the charge must be reviewed under the stringent standards of section 111—3(a)(3) of the Code of Criminal Procedure. [Citations.]" *People v. Hall* (1981), 99 Ill. App. 3d 196, 199.

Notwithstanding the possibility the supreme court may be re-examining the application of these standards, we also are compelled to follow the precedent of *Lutz* and its progeny. We therefore conclude that the information charging the defendant with cruelty to children did not state an offense under the stringent standards of section 111—3 because it failed to allege that the defendant acted wilfully. (Ill. Rev. Stat. 1981, ch. 38, par. 111—3.) When an information does not charge an offense, the court shall grant the defendant's motion in arrest of judgment. (Ill. Rev. Stat. 1981, ch. 38, par. 116—2(b)(1); *People v. Sherman* (1982), 110 Ill. App. 3d 854, 858; *People v. Medreno* (1981), 99 Ill. App. 3d 449; *People v. Troutt* (1977), 51 Ill. App. 3d 656, 660.) Accordingly, it was error for the court below to deny the defendant's motion in arrest of judgment, and the defendant's conviction and sentence for cruelty to children are hereby vacated, and the cause is discharged.

We note it has been stated that double jeopardy does not attach when a cause is discharged on a motion in arrest of judgment since jeopardy claims are waived by the filing of the motion (*People v. Kleiss* (1980), 90 Ill. App. 3d 53, 54), and the State would not be estopped from filing a new information against the defendant. *People v. Beauchemin* (1979), 71 Ill. App. 3d 102, 109, *appeal denied* (1979), 79 Ill. 2d 613.

Conviction and sentence vacated; cause discharged.

LINDBERG and REINHARD, JJ., concur.