662

*In re* B.K. *et al.*, Minors—(The People of the State of Illinois, Petitioner-Appellee, *v.* Barbara Hogue *et al.*, Respondents-Appellants).

Fifth District   No. 82—136

Opinion filed January 12, 1984.—Rehearing denied February 7, 1984.

J. Ray Wood, of Benton, for appellants.

Don W. Weber, State's Attorney, of Edwardsville (Stephen E. Norris and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE JONES delivered the opinion of the court:

The defendant, Barbara Hogue, appeals from an order of the trial court which found that her children were neglected minors. The order also found that defendant was an unfit parent and provided that the minor children be placed in the guardianship of Anthony Veronico, Guardianship Administrator of the Department of Children and Family Services of the State of Illinois, with authority to place the children as deemed in their best interests.

Initially, defendant contends that the finding of her unfitness was improper because the petition does not allege that she is unfit. We must agree.

In a proceeding to have a parent declared unfit, due process requires that the petition allege that the parent is unfit and set forth with particularity the specific grounds that serve as the basis for such assertion. (*In re Westland* (1976), 48 Ill. App. 3d 172, 362 N.E.2d

1153.) Neither of the necessary allegations were present in the case at bar since the petitions only alleged, in pertinent part, that "said minor is a neglected minor whose environment is injurious to her welfare." The requirements of an assertion of parental unfitness and supporting allegations of the grounds of such unfitness are material and are essential elements of a petition to have parents declared unfit. Although no objection was made to the pleading deficiencies in the trial court by the defendant, the waiver theory cannot be invoked because it is applicable only to formal and insubstantial defects. Failure to state a cause of action cannot be waived and can be raised for the first time on appeal. *In re Rauch* (1977), 45 Ill. App. 3d 784, 359 N.E.2d 894; *In re Dragoo* (1981), 96 Ill. App. 3d 1104, 422 N.E.2d 263.

■ This court is aware that a waiver of an express allegation of unfitness in a petition may occur if that issue is injected into the proceedings by the parties and actually tried at the hearing. Accordingly, we have examined the transcript of the adjudicatory hearing with the express view of determining whether the issue of unfitness of the mother was tried, and we have found that it was not. The only reference at the hearing to the unfitness of the mother occurred during closing argument when the assistant State's Attorney asked the court for an order finding the mother unfit. Although some evidence was introduced at the adjudicatory hearing that indicated the mother's unfitness, it will not suffice to constitute a waiver of the failure to plead unfitness since that evidence was properly received as bearing on the issue of the neglect of the children. The result is that the mother had no notice or knowledge that her unfitness was being tried and consequently had no opportunity to present evidence of her own on that issue to refute the State's evidence that had a bearing on her unfitness.

This court is cognizant of *In re Smith* (1981), 95 Ill. App. 3d 373, 420 N.E.2d 200, not cited by the parties, in which the appellate court stated that the statutory requirements in a petition to adjudicate a child as neglected do not require allegations of parental unfitness. While ordinarily it is true that the petition to adjudicate the child as neglected does not require allegations of parental fitness, such allegation is necessary, as discussed above, when the State prays that the court make a finding of unfitness. In the *Smith* case the court found neglect due to child abuse and removed the child from the custody of her parents. Subsequently, a supplemental petition was filed which alleged that the parents had been previously found to be unfit, although a reading of the opinion suggests that no such finding was previously made. After hearing additional evidence, the *Smith* court ruled that

the supplemental petition to terminate parental rights did sufficiently inject the issue of the unfitness of the parents so as to justify a finding of unfitness. (95 Ill. App. 3d 373, 376, 420 N.E.2d 200, 202.) In *In re Dragoo* the court held that specific acts or omissions need not be alleged in a neglect petition so long as the specific statutory grounds for unfitness were stated. (96 Ill. App. 3d 1104, 1107, 422 N.E.2d 263, 265.) But in the case at bar, no petition alleged or referred to the unfitness of the mother. For the above reasons the finding of unfitness of the mother is vacated, and the cause is remanded for further pleadings and proceedings.

Defendant's second contention of error is that the State did not prove by clear and convincing evidence that defendant had neglected her children. The record on appeal contains evidence that, if believed by the trier of fact, would establish that Harlan Hogue, defendant's husband, and defendant's cousin, Alan McGriffin, sexually abused all the children, male and female. Evidence was also presented that Harlan Hogue encouraged the children, ages 11, 12, 14 and 15, to have intercourse among themselves which did, in fact, occur. Hogue also set one child's hair on fire in order to scare that child. As a result of this abuse and their environment, the children exhibited serious self-destructive tendencies and personality problems. On at least two occasions, defendant became aware of the sexual abuse but failed to take steps to rectify the situation permanently.

Under the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, par. 701—1 *et seq.*) a child is neglected if his or her support, educational, medical or "other remedial" needs are not met or if the child's "environment is injurious to his or her welfare." (Ill. Rev. Stat. 1981, ch. 37, pars. 702—4(1), (2)(b).) A determination of neglect, the factual basis of which necessarily varies with each case, lies within the province of the circuit court. In general, neglect is the failure to exercise the care that the circumstances justly demand. It embraces unintentional as well as wilful disregard of duty. Given the varying circumstances of neglect cases, the trial court must have broad discretion to reach a just determination. Only where there has been an abuse of discretion, or the judgment has been against the manifest weight of the evidence, should the decision be disturbed on appeal. (*In re Stilley* (1977), 66 Ill. 2d 515, 363 N.E.2d 820.) In order to find that a parent has neglected a child, it is not necessary to establish that the parent participated in the acts because a parent has an obligation to protect a child from harm. (*In re Holmes* (1975), 28 Ill. App. 3d 104, 328 N.E.2d 35.) In the case before us, the evidence concerning the adjudication of the children as neglected by reason of sexual and psychologi-

cal abuse includes sufficient grounds for making the children wards of the court and therefore subject to the entire range of dispositions available to the court. (Ill. Rev. Stat. 1981, ch. 38, par. 701—18.) In fact, such a finding precludes returning the minor to the parents responsible for the abuse until a fitness hearing has been held. Ill. Rev. Stat. 1981, ch. 37, par. 705—2(1)(d); *In re D.M.C.* (1982), 107 Ill. App. 3d 902, 438 N.E.2d 254.

In furtherance of the dispositional order, the court entered a protective order in which defendant was prohibited from contacting or attempting to contact the children. The order did not set a date on which the order would terminate. Defendant contends that the court exceeded its authority in prohibiting all contact between the defendant and the children and that the protective order should have been for a definite period of time. Because the cause is remanded for further proceedings and pleading due to the vacation of the finding of unfitness, this court need not discuss the issues raised by defendant in this argument.

Affirmed in part, vacated in part, and remanded.

WELCH, P.J., and KASSERMAN, J., concur.